662 P.2d 241
**Richard F. BOSSHARDT,
Plaintiff-Respondent,**

v.

**Ronald Vincent TAYLOR and Jane Doe
Taylor, his wife,
Defendants-Appellants.**

**No. 14580.**

Court of Appeals of Idaho.

April 19, 1983.

Gale M. Merrick of Marcus, Merrick & Montgomery, Boise, for defendants-appellants.

James W. Givens, Lewiston, for plaintiff-respondent.

SWANSTROM, Judge.

The sole issue on appeal is whether the trial judge erred in awarding attorney fees under I.C. § 12–121 to plaintiff who had received a jury verdict for property damages resulting from a vehicle accident. We hold that the record and findings made by the trial judge preclude the award of attorney fees against appellants in this case. We reverse and remand to the district judge to reduce plaintiff's judgment by the sum of $2,780 awarded as attorney fees.

As the trial judge correctly pointed out in his oral statements at the hearing concerning attorney fees, I.C. § 12–121 is the only applicable statute under which attorney fees could be awarded in this case. The complaint in this action was filed November 6, 1980, so I.R.C.P. 54(e) was also applicable.

Under I.C. § 12–121 attorney fees can be awarded only to a "prevailing party." While the trial judge made no specific finding that plaintiff was the prevailing party, such a finding can be presumed for the purposes of this discussion. However, I.R.C.P. 54(e)(1) prohibits an award of attorney fees under § 12–121 unless the trial judge "finds" that the nonprevailing party pursued or defended the case "frivolously, unreasonably, or without foundation."

In this case the trial judge made no such finding. Rather, he predicated his

award upon a desire to make the plaintiff "whole." Although the judge observed "that no meaningful negotiations to settle said case had been entered into between the parties," he expressly declined to find that appellants had defended the case frivolously or in bad faith. The absence of such a finding requires us to reverse the award of attorney fees. The award of other costs to plaintiff is not affected by our ruling.

■ We have considered the possibility that the district judge intended to equate appellants' failure to enter into meaningful settlement negotiations with an "unreasonable" defense of the action. We do not perceive the judge's ruling that way. The judge did not attribute the failure to negotiate solely to appellants. Moreover, since the trial of this case, our Supreme Court in *Payne v. Foley,* 102 Idaho 760, 639 P.2d 1126 (1982) has ruled that both parties equally bear a duty to make good faith offers of settlement, even when the liability of one party may be clearly established. *See also Hayes v. Amalgamated Sugar Co.,* 104 Idaho 279, 658 P.2d 950 (1983). In our view, one party's failure to negotiate does not, by itself, establish the opposing party's right to attorney fees under I.C. § 12–121. An award of fees must be supported by a finding that one or more of the criteria prescribed by Rule 54(e)(1) have been satisfied.

The trial court's award of attorney fees is hereby reversed. The case is remanded for entry of an amended judgment in accordance with this opinion. Costs to appellants, but no attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.