682 P.2d 646

**S.E. SIGDESTAD and Joah C. Sigdestad, husband and wife, Plaintiffs-Respondents,**

v.

**Kent Cyrus GOLD, Defendant-Appellant.**

**No. 14234.**

Court of Appeals of Idaho.

May 31, 1984.

Petition for Review Denied
July 11, 1984.

**694**

Jeremiah A. Quane and William A. McCurdy, Quane, Smith, Howard & Hull, Boise, for defendant-appellant.

John C. Hepworth and John T. Lezamiz, Hepworth, Nungester & Felton, Twin Falls, for plaintiffs-respondents.

BURNETT, Judge.

The question presented in this appeal is whether the district court abused its discretion by awarding attorney fees to prevail-ing plaintiffs in a wrongful death action. We affirm the award.

Mr. and Mrs. S.E. Sigdestad brought this action, alleging that Kent C. Gold negli-gently had caused the death of their son, Murray, in a motor vehicle accident. Mur-ray was a passenger in a vehicle driven by Gold, which crashed through a bridge rail-ing and came to rest in the Big Wood River. Gold later admitted in a deposition that he and Murray had consumed intoxi-cating beverages before the accident. He also stated that when the accident oc-curred, he was driving seventy miles per hour over a bridge that he knew could not be negotiated safely at a speed greater than fifteen miles per hour. After this deposition, Mr. and Mrs. Sigdestad offered to settle for $50,000, the policy limit of Gold's liability insurance. Two days before trial Gold made a counter-offer of $15,000, which was declined. A jury ultimately awarded damages of $72,259.00. The dis-trict court reduced this sum to $57,807.20 upon a finding by the jury that twenty percent of the negligence could be attrib-uted to Murray. However, the court later added an award of attorney fees in the sum of $19,269.00—approximately one-third of the adjusted damage recovery.

Awards of attorney fees under I.C. § 12–121 are discretionary. In order to receive a discretionary award, a litigant must be "prevailing party." In addition the trial judge must make a finding under I.R.C.P. 54(e)(1) that the nonprevailing par-ty brought, pursued or defended the case "frivolously, unreasonably or without foun-dation." This second requirement applies to all cases filed after March 1, 1979, in-cluding the instant case.

On appeal Gold does not challenge the district court's determination that the Sig-destads were prevailing parties in this case. Rather, he contends that the findings by the court did not comprise a proper basis for making the attorney fee award under Rule 54(e)(1). The court found that Gold's negligence had been admitted before trial, that the question to be determined at trial was the measure of damages, and that the

Sigdestads had endured substantial suffering as a result of their son's death. The court further found that Gold's insurer had acted unreasonably by refusing to settle for the $50,000 policy limit and by counter-offering only $15,000. The court concluded that "the case was defended unreasonably within the meaning of Rule 54(e)(1)."

The judge's findings are amply supported by the record. The question is whether the judge's conclusion, under Rule 54(e)(1), follows from those findings. Contending that it does not, Gold invites our attention to *Payne v. Foley*, 102 Idaho 760, 639 P.2d 1126 (1982). In *Payne* a district court had awarded attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1) by reason of the defendant's failure to enter into good faith settlement negotiations with the plaintiffs. The Supreme Court reversed, giving three reasons for its decision. First, the court said that the parties had cited no legal authority allowing award of attorney fees for failure to negotiate in good faith. However, the court carefully refrained from saying that settlement negotiations never could be considered in evaluating an attorney fee question. Second, the court noted that even if attorney fees could be awarded for failure to negotiate, such an award would be inappropriate in that case because the failure was the fault of both sides. Finally, the court stated that there were genuine issues of joint liability and damages, making it reasonable for the defendant to take the case to trial. The Supreme Court did not indicate which of these three reasons actually controlled the result on appeal.

Shortly after *Payne*, our court considered a similar question in *Bosshardt v. Taylor*, 104 Idaho 660, 662 P.2d 241 (Ct. App.1983). There a district court awarded attorney fees upon a stated desire to make a prevailing plaintiff "whole." The court also observed that no meaningful settlement negotiations had been conducted by the parties. However, the judge expressly refused to find that the case had been defended frivolously, unreasonably or without foundation. Reversing the attorney fee award, we held:

[O]ne party's failure to negotiate does not, *by itself,* establish the opposing party's right to attorney fees under I.C. § 12–121. An award of fees must be supported by a finding that one or more of the criteria prescribed by Rule 54(e)(1) have been satisfied. [Emphasis added.]

*Id.* at 661, 662 P.2d at 242.

We believe a clear set of rules may be discerned from our reading of *Payne* and our holding in *Bosshardt*. The first, and overriding, rule is that a trial court must support an attorney fee award by finding that one or more of the criteria prescribed by Rule 54(e)(1) have been satisfied. A mere finding that the nonprevailing party failed to negotiate in good faith is not, by itself, sufficient. Second, a district court is not precluded from considering pretrial settlement negotiations in determining whether the criteria of Rule 54(e)(1) have been established. The court may evaluate such negotiations in light of the underlying merits of a claim or defense, in order to determine whether the case was brought, pursued or defended frivolously, unreasonably or without foundation. The third rule is that one party's failure to negotiate in good faith is not a factor to be considered, in determining whether the criteria of Rule 54(e)(1) have been satisfied, if there has been a similar failure by the opposing party. The consequences of a mutual failure to negotiate in good faith may not be visited solely upon the nonprevailing party.

In the instant case, the district court's findings comply with each of these rules. As noted earlier, the court found that Gold's negligence had been admitted and that the only substantial question was the measure of damages. The court explicitly determined that the case had been defended unreasonably within the meaning of Rule 54(e)(1). Although the court linked this determination to the pretrial settlement negotiations, the court's findings— read as a whole—demonstrate that the court did not base its determination solely upon failure by Gold's insurer to negotiate

in good faith. Rather, the court properly evaluated the settlement negotiations against the underlying merits of the Sigdestads' claim and Gold's defense. The court also found that the failure to negotiate in good faith was not mutual; rather, the Sigdestads reasonably offered to settle for the policy limits, but Gold's insurer responded with an unreasonably low counter-offer.

We hold that the district court's findings adequately support its conclusion that the case was defended unreasonably within the meaning of Rule 54(e)(1). The court did not abuse its discretion by making the award. Consequently, the award is affirmed. Costs to respondents, Sigdestad. Because a genuine issue concerning the award has been presented, no further attorney fees are awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.