777 P.2d 269

**Daniel A. SEVERSON, Plaintiff-Appellant,**

v.

**Randall HERMANN, Defendant-Respondent.**

No. 17762.

Supreme Court of Idaho.

July 19, 1989.

**498**

E. Lee Schlender, Hailey, for plaintiff-appellant.

Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendant-respondent. Richard K. Lierz argued.

HUNTLEY, Justice.

## I.

This is a personal injury action arising out of an accident which occurred when Severson was operating a saw at the defendant's home in Blaine County. Although a majority of the jury signed a verdict finding for Severson, he was denied recovery on the basis of comparative negligence. The jury found the defendant Hermann 5 percent negligent and plaintiff Severson 95 percent negligent.

This appeal solely addresses the issue of the propriety of an award of attorney's fees and discretionary costs by the trial court to Hermann. After Severson was denied recovery on the basis of comparative negligence, the trial court issued an order and opinion which awarded $22,893.25 in attorney fees pursuant to I.R.C.P. Rule 54(e)(1), and Idaho Code § 12–121, $989.29 in costs as a matter of right as a prevailing party pursuant to Rule 54(d)(1)(C) and $2,038.38 in discretionary costs pursuant to Rule 54(d)(1)(D) which

allows the court to assess such costs "in the interest of justice."

The court based its award of attorney fees upon its conclusion that the case was unreasonably and frivolously initiated and maintained, reasoning as follows:

> The court has previously concluded that Severson initiated and prosecuted this action despite its groundless and frivolous nature. Not only did the jury overwhelmingly conclude that Severson was responsible for his own injuries, but *the presence of cocaine in Severson's blood* indicates that he voluntarily exacerbated his own negligent conduct. *The presence of cocaine* in Severson's blood while at work is inexcusable, especially in light of the fact that he worked with power tools that are unforgiving of human error. Although Severson knew, or should have known, that his injuries were caused by his own negligent conduct, which he aggravated by *voluntarily ingesting cocaine*, he initiated this action nonetheless.

## II.

Severson asserts that the trial court abused its discretion in holding that matters extrajudicial to a jury trial can constitute grounds for an award of attorney's fees. An award of attorney's fees is only proper when an action is either brought or defended frivolously, unreasonably or without foundation. *Soria v. Sierra Pacific Airlines, Inc.*, 111 Idaho 594, 726 P.2d 706 (1986); I.R.C.P. 54(e)(1). The sole question is whether the losing party's position is so plainly fallacious as to be deemed frivolous, unreasonable or without foundation. *Wing v. Amalgamated Sugar Company*, 106 Idaho 905, 684 P.2d 307 (1984).

To appropriately grant attorney's fees, a specific finding must be made and supported by the record that the case was pursued unreasonably and without foundation. *Sunshine Mining Company v. Metropolitan Mines Corp.*, 111 Idaho 654, 726 P.2d 766 (1986); *Herbst v. Bothof Dairies, Inc.* 110 Idaho 971, 719 P.2d 1231 (1986). An award of attorney's fees cannot be

based upon the trial court's consideration of matters that are neither issues in the case nor part of the record. Severson claims the trial court essentially awarded attorney's fees and discretionary costs because of what it considered "evidence" of cocaine use by Severson. However, that alleged use never became evidence before the court or the jury during the trial. Indeed, the court properly excluded all such evidence because of an apparent oversight in discovery but, nevertheless, proceeded to "punish" Severson for bringing a lawsuit for personal injury when there "could have been" evidence presented to the jury that he had cocaine in his blood at the time of the accident. The trial court's findings demonstrate that it was influenced by its assumption that Severson used cocaine; that assumption was based upon offered testimony which the court found inadmissible due to Hermann's failure to comply with certain pre-trial discovery requirements. This was not consideration of any evidence in the record. Had this been presented into evidence, Severson asserts he could have attempted to rebut its validity by the argument that Severson had received numerous injections of various drugs prior to surgery performed after the accident and that this might have accounted for the positive cocaine test results.

 Hermann notes that in *Etcheverry Sheep Co. v. J.R. Simplot Co.*, 113 Idaho 15, 18, 740 P.2d 57, 61 (1987) we stated that a "district court is not precluded from considering pretrial settlement negotiations in determining whether the criteria of Rule 54(e)(1) have been established." 113 Idaho at 18, 740 P.2d at 60–61. In light of *Anderson v. Anderson*, 116 Idaho 359, 775 P.2d 1201, (1989), *Etcheverry* is not authority for the trial court to consider matters outside the record. In *Anderson* we explained that:

> Just last year this Court reasserted our earlier holding in *Payne v. Foley*, 102 Idaho 760, 639 P.2d 1126 (1982), that in determining whether or not to award attorney fees under I.C. § 12–121 the trial courts may not consider the extent of any settlement negotiations which the

parties may or may not have engaged in. In *Ross v. Coleman*, 114 Idaho 817, at 836, 761 P.2d 1169, at 1188 (1988), this Court quoting from *Payne* stated, "There is no authority in a trial court to insist upon, oversee, or second guess settlement negotiations, if any, and certainly no authority to impose sanctions for 'bad faith' bargaining." *Ross v. Coleman* overruled *Sigdestad v. Gold* sub silento. We again affirm our holdings in *Payne v. Foley*, and *Ross v. Coleman*, i.e., "that the failure to enter into or conduct settlement negotiations is not a basis for awarding attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1)." Id. The language in *Sigdestad v. Gold*, 106 Idaho 693, 682 P.2d 646 (Ct.App.1984), to the contrary is in error and is expressly disapproved.

Although the district court stated that it awarded the attorney's fees and discretionary costs on the basis that the case was prosecuted frivolously, unreasonably and without foundation, it only supported that conclusion by reference to the alleged cocaine use. Thus, on review, we are left with nothing but a bare conclusion lacking the requisite underpinning of admissible evidence. The district court thus abused its discretion in predicating its award of attorney fees and costs to Hermann upon matters not contained in the record. Order vacated and case remanded for entry of judgment consistent herewith, said judgment to be based upon entry of Findings of Fact and Conclusions of Law not premised on evidence not placed in the record. Costs to appellant, no attorney fees on appeal.

BAKES, C.J., and BISTLINE and JOHNSON, JJ., concur.

SHEPARD, J., sat but did not participate due to his untimely death.