778 P.2d 804

**Leanne TURNER, an individual, Plaintiff–Respondent,**

v.

**Douglas D. WILLIS, an individual, and Willis Egg Farm, Inc., an Idaho corporation, Defendants–Appellants.**

No. 17111.

Supreme Court of Idaho.

Aug. 29, 1989.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-appellants. Raymond D. Powers argued.

Holland & Hart, Langroise, Sullivan, Boise, for plaintiff-respondent. Debra K. Ellers argued.

BISTLINE, Justice.

In May of 1984, defendant Douglas D. Willis rear-ended plaintiff Leanne Turner's automobile while she was stopped at a red light. Plaintiff was hospitalized for treatment of injuries to her neck and body. Plaintiff filed a complaint against the defendants, Willis and his employer, Willis Egg Farm, Inc., who answered by denying liability and maintaining that denial up until the time of trial. Defendants' answer, moreover, raised the affirmative defense of contributing causative comparative negligence on the part of plaintiff. Plaintiff had no medical insurance and no money of her own with which to pay her medical bills. Because of her lack of resources some physicians refused to treat her. Plaintiff fell into debt and was pursued by collection agencies. Legal action was initiated against her.

Defendants were given written notice of plaintiff's problems in obtaining and paying for medical treatment. On at least four occasions plaintiff requested that defendants pay her necessary medical costs during the pendency of the litigation. Those requests were denied or ignored and defendants persisted in asserting their comparative negligence defense.

From the time of the accident, May of 1985, until the trial in April of 1987, defendants' discovery obviously established no facts supporting their claim of plaintiff's contributing negligence, but it was only just prior to trial that the defendants admitted 100 percent liability.

After a five-day trial on solely the issue of damages, the jury returned a verdict for plaintiff for $91,500. On plaintiff's motion the court awarded her $30,500 in attorney fees, and $1,300 in discretionary costs for the expert testimony of a physician. On

appeal the defendants contend that the trial court abused its discretion in making those awards.

## I. ATTORNEY FEES

■ The trial court awarded attorney fees pursuant to I.C. § 12–121[1] and I.R.C.P. 54(e)(1).[2] Attorney fees under I.C. § 12–121 is a discretionary award to the "prevailing party." Rule 54(e)(1) requires a court finding that the nonprevailing party brought, pursued or defended the case "frivolously, unreasonably, or without foundation." The trial court's award of attorney fees will not be reversed absent a manifest abuse of discretion. *Decker v. Homeguard Systems*, 105 Idaho 158, 163, 666 P.2d 1169 (1983); *Futrell v. Martin*, 100 Idaho 473, 479, 600 P.2d 777 (1979). The burden is on the party disputing the award to establish an abuse of discretion. *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982).

In awarding attorney fees, the trial court first observed that plaintiff was the prevailing party. Second, citing *Sigdestad v. Gold*, 106 Idaho 693, 682 P.2d 646 (Ct.App. 1984), the court found that the defendants prior to trial showed a lack of good faith settlement negotiations.[3] Third, the court determined that liability was never really an issue. Accordingly, the district court ruled that plaintiff was entitled to an award of attorney fees.

■ As footnote 3 amply demonstrates, *Sigdestad*, insofar as it was thought to stand for the proposition that lack of good faith settlement negotiations is a proper concern in considering a claim to an award of attorney fees to plaintiff has definitely now passed into oblivion. Here remaining for our consideration is the trial court's finding that the defendants' non-liability contention was not a viable issue. We also add that our own review of the record discloses no basis in law or fact for defendants' pleaded defense of plaintiff's contributing negligence.

Defendants argue that the trial court erred in considering the frivolity of the comparative negligence defense as a basis

---

1. Idaho Code § 12–121 provides:

 **Attorney's fees.**—In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees.

2. Idaho Rule of Civil Procedure 54(e)(1) provides:

 **Attorney fees.**—In any civil action the court may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract. Provided, attorney fees under section 12–121, Idaho Code may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or *defended frivolously, unreasonably or without foundation;* but attorney fees shall not be awarded pursuant to section 12–121, Idaho Code on a default judgment. (Emphasis added).

3. The Court of Appeals in *Sigdestad* briefly discussed this Court's opinion in *Payne v. Foley*, 102 Idaho 760, 639 P.2d 1126 (1982), saying of it, "... the court said that the parties had cited no legal authority allowing award of attorney fees for failure to negotiate in good faith. However, the court carefully refrained from saying that settlement negotiations never could be considered in evaluating the attorneys fees in question." The Court of Appeals may have over-

looked the concurring opinion of Bistline, J., in *Payne v. Foley*, 102 Idaho at 762, 763, 639 P.2d 1126 (1982), which stated that the opinion for the Court in effect held "that there is no authority in a trial court to insist upon, oversee, or second-guess settlement negotiations, if any, and certainly no authority to impose sanctions for bad faith bargaining."

But, on the other hand, it is more logical to assume that Judge Burnett overlooked nothing, and drew the "never could be considered" conclusion from the singularly obvious fact that none of the other members of the Court signified their agreement as to the Bistline, J., interpretation of the Court's opinion. Two members of the Court who had participated in *Payne v. Foley*, plus Justice Johnson who had not, did endorse the Bistline, J., interpretation of *Payne v. Foley* in the July 27, 1988, opinion in *Ross v. Coleman*, 114 Idaho 817, 836, 761 P.2d 1169, 1188. But this was six years after *Payne* was released, and also four years after *Sigdestad.*

This year in *Anderson v. Anderson, Kaufman, Ringert & Clark*, 116 Idaho 359, 775 P.2d 1201 (1989), a unanimous Court again quoted that which I separately wrote in *Payne v. Foley*, observed what had been written in *Ross v. Coleman*, and ruled that *"Ross v. Coleman overruled Sigdestad v. Gold sub silentio."* Undoubtedly it had that effect, but specifically overruling would be the preferable method for the edification of the trial bench and bar.

for awarding attorney fees because, having been withdrawn on the first day of trial, it therefore "had no significant impact on how the case was pursued or was defended." App. Brief at 13. In turn that contention is based on the hypothesis that the "real" issue to be tried was the amount of the damage award. We are not at all persuaded by this argument.

 The frivolity and unreasonableness of a defense is not to be examined only in the context of trial proceedings. The entire course of the litigation will be taken into account. It is clear that had the defendants not interposed the sham defense of plaintiff's contributing negligence, the issue of damages might have been tried and determined much sooner. During the delay caused by the sham defense, on at least four occasions, plaintiff requested that defendants pay her medical bills. These requests fell on deaf ears. In our view the district court, in its decision as to requested attorney fees, did not err in considering defendants' refusal to advance even one farthing toward plaintiff's medical bills. Plaintiff was not asking for an advance on her claimed general damages, but only sought financial help on her incurred sum-certain medical bills. The legislature, in anticipation of circumstances as are here present, has provided a statutory mechanism to prepay medical bills without admission of liability. Under I.C. § 41–1840 [4] a defendant may advance payments for bodily injury, and upon settlement or judgment, such sums are credited against that amount which is ultimately owed. The purpose of this statute is to encourage tort-feasors and their insurers to alleviate financial hardship inflicted on accident victims without fear of having the evidence of prepayments being introduced at trial. *Tommerup v. Albertson's Inc.,*

101 Idaho 1, 607 P.2d 1055 (1980). Here the plaintiff asked for very little. She received nothing. We hold that the district court did not err in giving due consideration to defendants' refusal to make any advances on plaintiff's sum-certain medical bills, especially given defendants' belated admission of liability.

Our review of the issue drawn on the attorney fees award has caused us to review not only the *Sigdestad* case, but this Court's recent opinion in *Brinkman v. Aid Insurance Co.,* 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1989).

In *Sigdestad,* the Court of Appeals opinion left the impression that the award of attorney fees by the trial court was based on a one-third contingent fee arrangement with the plaintiff. However, our examination of the *Sigdestad* appeal record discloses that the district court's attorney fees award of $19,269 was claimed on the basis of the attorneys' *hourly* billing, at the various rates plaintiff's attorneys customarily charged, documented and in affidavit form. The Court of Appeals was simply noting, apparently as an aside, that the $19,269 award was approximately one-third of *Sigdestad's* judgment.

Similarly, there may be some confusion in *Brinkman* as to whether the affirmed award of attorney fees was or was not based on a contingent fee arrangement. Our opinion states: "An amount equal to standard contingent fees in the same locale is not an amount that is clearly erroneous. The fact is the $52,000 awarded was what Brinkman's attorney costs actually were."

A reexamination of the appellate record in *Brinkman* establishes that plaintiff's attorney worked 477.6 hours on that case, according to proper documentation presented to the trial court at a post-trial hearing.

---

4. Idaho Code § 41–1840 provides:
 **Prepayment of claims.**—(1) No payment or payments made by any person, or by his insurer by virtue of an insurance policy, on account of bodily injury or death or damage to or loss of property of another, shall constitute an admission of liability or waiver of defense as to such injury, death, loss or damage, or be admissible in evidence in any action brought against the injured person or his

insurer for damages, indemnity or benefits arising out of such injury, death, loss or damage unless pleaded as a defense to the action.
 (2) All such payments shall be credited upon any settlement with respect to the same damage, expense or loss made by, or judgment or ward rendered therefor in such an action against, the payor or his insurer, and in favor of any person to whom or on whose account payment was made.

The $52,000 award of attorney fees in *Brinkman* equaled approximately $108 per hour.

In this case, plaintiff's attorneys' time was 203.6 hours. The fee award equals approximately $150 per hour, which was not claimed to be excessive.[5] However, principles of *stare decisis* require that we vacate the order awarding attorney fees and remand that issue to the trial court for reconsideration in light of our decision in *Ross v. Coleman*, 114 Idaho 817, 836, 761 P.2d 1169, 1188: "The district court erred when it imposed costs and attorney fees for failure to engage in good faith settlement negotiations, and accordingly the order must be reversed for that reason."

## II. DISCRETIONARY COSTS

The district court awarded $1300 to plaintiff for recovery of the costs of a physician's expert testimony. Generally, expert witness fees are limited to $500. I.R.C.P. 54(d)(1)(C)(8). However, where such costs are necessary and exceptional, the trial court may, in its discretion, assess additional fees. I.R.C.P. 54(d)(1)(D). *See also R.T. Nahas Co. v. Hulet*, 106 Idaho 37, 674 P.2d 1036 (Ct.App.1984).

We conclude that the awarded costs over and above that provided by the Rule 54(d)(1)(C)(8) cannot stand. Nothing in the record demonstrates that $1300 was required in order to obtain the testimony of plaintiff's physician. That the physician charged more than the $500 provided by the rule is insufficient in and of itself to allow costs for a higher fee. Accordingly, we hold in this case that plaintiff is entitled to recover only the $500 fee provided by Rule 54(d)(1)(C)(8).

Affirmed in part, reversed in part, and remanded with directions to amend downward the order allowing discretionary costs and to reconsider the award of attorney fees without extending *any* consideration to the settlement negotiations of the par-

ties. Appellants are awarded their costs on appeal.

JOHNSON, J., concurs.

HUNTLEY, J., fully concurred prior to his resignation August 7, 1989.

SHEPARD, J., sat, but did not participate in this opinion due to his untimely death.

BAKES, Justice, concurring specially:

I concur in the operative part of the Court's opinion which "vacate[s] the order awarding attorney fees and remand[s] that issue to the trial court for reconsideration in light of our decision in *Ross v. Coleman*, 114 Idaho 817, 836, 761 P.2d 1169, 1188 [(1988)]...." *Ante* at 686, 778 P.2d at 808. *Ross v. Coleman* held that the district court should not consider whether a party failed to engage in good faith settlement negotiations in determining whether to impose costs and attorney fees under I.R.C.P. 54. *See also Anderson v. Anderson, Kaufman, Ringert & Clark*, 116 Idaho 359, 775 P.2d 1201 (1989).

I further concur in the majority's conclusion that the raising of a contributory negligence defense, when there was no factual basis for asserting that defense, is grounds for asserting attorney fees under I.C. § 12–121, and I.R.C.P. 54(e)(1) for the attorney fees incurred in meeting such a foundationless defense.

I further concur in Part II of the Court's opinion.

However, I cannot concur in that part of the majority opinion which suggests that "defendants' refusal to advance even one farthing toward plaintiff's medical bills" is relevant in determining whether or not the case was defended frivolously, unreasonably or without foundation under Rule 54(e)(1). The fact that I.C. § 41–1840 permits a defendant to advance payments without admitting liability or without waiv-

---

5. While we adhere to our holding in *Brinkman* that an award near the standard contingent fee level is not necessarily inappropriate, 115 Idaho 346, 766 P.2d 1227, 1232 (1989), we note that the amount due an attorney under a contingency agreement does not always reflect the time and effort involved in litigating a civil case. In some instances the contingent fee charge may exceed hourly billing, in other cases it may fall far short.

ing a defense does not authorize a conclusion that such a defendant can or should be penalized by the award of attorney fees for not advancing a portion of the plaintiff's damages. This suggestion will only further complicate the award of attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1), a procedure which now often requires a second trial after the first one. Determining when an item of damages is sufficiently and adequately established as to require a defendant to tender that part of the damages under pain of having to pay the other party's attorney fees allocable to proving that particular item is not required by I.C. § 41–1840, or any other legal authority, to my knowledge. Certainly, the majority opinion cites no authority for that proposition. The suggestion in the Court's opinion is erroneous and will greatly complicate an already difficult problem.