778 P.2d 809

**Elaine EDWARDS, Plaintiff–Appellant,**

v.

**James DONART and Sally Donart, husband and wife, Defendants–Respondents.**

**No. 17596.**

Supreme Court of Idaho.

Aug. 29, 1989.

E. Lee Schlender, Hailey, for plaintiff-appellant.

Smith, Beeks & Goss, Twin Falls, for defendants-respondents. Paul M. Beeks argued.

PER CURIAM.[1]

### I.

Elaine Edwards sued the Donarts for personal injuries resulting from a fall at the Donarts' residence in Blaine County. The case went to trial. Following Edwards' case in chief, the Donarts moved for a directed verdict which the court denied.

1. HUNTLEY, J., participated but resigned from the Court before the consensus was reached which is reflected in our opinion.

SHEPARD, J., sat, but did not participate in this opinion due to his untimely death.

The jury ultimately returned a verdict in which it found Edwards 60 percent negligent and the Donarts 40 percent negligent, thereby awarding Edwards nothing pursuant to Idaho law on comparative negligence. Edwards filed a motion for new trial, or in the alternative, a motion notwithstanding the verdict. The trial court denied the motions and entered an award of attorney fees and costs in favor of the Donarts. The court purportedly followed the guidelines set forth in I.R.C.P. 54(e)(1) and the Court of Appeals opinion in *Sigdestad v. Gold,* 106 Idaho 693, 682 P.2d 646 (Ct.App.1984), in reaching this decision. Utilizing these doctrinal guidelines, the court found that the case was brought frivolously, unreasonably, or without foundation and that Edwards was delinquent and noncooperative during pretrial settlement negotiations.

## II.

### STANDARD OF REVIEW

■ An award of attorney fees rests in the sound discretion of the trial court and the burden is on the party disputing the award to show an abuse of discretion. *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982). But, while the trial court's award of attorney fees is normally considered as being within its unique expertise and discretion, the court must support such an award by finding that one or more of the criteria listed in I.R.C.P. 54(e)(1) have been satisfied—those being that the case was brought frivolously, unreasonably, or without foundation. A finding that the nonprevailing party failed to negotiate in good faith cannot be considered. *Anderson v. Anderson, Kaufman, Ringert & Clark,* 116 Idaho 359, 775 P.2d 1201 (1989). *See also, Turner v. Willis,* 116 Idaho 682, 778 P.2d 804 (1989).

In this case, the trial court also ruled that, if attorneys fees are to be awarded:

One or more of the criteria prescribed by Rule 54(e)(1) must have been satisfied; these being that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." In support of this, the Court reaffirms its finding that, sitting as a thirteenth juror, no other verdict would have been a likely result. There was a paucity of evidence which would have established negligence on the part of the defendant.

■ The jury's finding that the defendants Donarts were 40 percent negligent proves that, in the collective opinion of the jurors, the case was not frivolous, unreasonable, or without foundation. Accordingly, the trial court's award of attorney fees runs directly contrary to the jury verdict. Under our state's law of comparative negligence, a plaintiff who is 60 percent negligent cannot recover any damages, but a plaintiff who is less than 50 percent negligent can recover damages. That is a difference of only 11 percent; we are not willing to say that 11 percent is a large enough difference to distinguish a winning case from a frivolous, unreasonable, or groundless case. (*Cf. Sullivan v. Allstate Ins. Co.,* 111 Idaho 304, 723 P.2d 848 (1986), wherein the court ruled that the arbitrator's finding that the insured, under an uninsured motorist policy, was 35 percent comparatively negligent in the underlying action precluded the insured's claim of bad faith refusal to insure.) A claim is not frivolous or lacking merit simply because it ultimately fails.

In support of its finding, the trial court stated that, "sitting as the thirteenth juror," no other verdict was likely. But the court's prognostication of what the verdict would be is not a proper consideration under I.R.C.P. 54(e)(1). The judge's ability to confidently, and accurately, predict the jury's verdict does not mean the case was brought frivolously, unreasonably, or without foundation. It means that the judge made either an astute or lucky guess. Accordingly, the trial court's award of attorney fees is vacated, and the cause remanded for a reconsideration of the award of attorney fees, which does not include giving any weight to the nonprevailing parties pretrial failure to negotiate.

Costs of appeal to appellant Edwards.