## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 35575

BRIAN JORGENSEN dba MEDICINE MAN
PHARMACY and MEDICINE MAN
PHARMACY, INC., an Idaho corporation,

    Plaintiffs-Respondents,

v.

C. MICHAEL COPPEDGE and KAREN
COPPEDGE, individually and as the last
Board of Directors and shareholders of
ACOLOGY PRESCRIPTION
COMPOUNDING, INC., and ACOLOGY
PRESCRIPTION COMPOUNDING, INC., a
dissolved Idaho corporation,

    Defendants-Appellants.

------------------------------------------------------

C. MICHAEL COPPEDGE and KAREN
COPPEDGE, individually and as successors
to ACOLOGY PRESCRIPTION
COMPOUNDING, INC., a dissolved Idaho
corporation,

    Counterclaimants-Appellants,

v.

BRIAN JORGENSEN dba MEDICINE MAN
PHARMACY and MEDICINE MAN
PHARMACY, INC., an Idaho corporation,

    Counterdefendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2010 Term

2010 Opinion No. 4

Filed: January 27, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. The Honorable John T. Mitchell, District Judge.

District court's order denying attorney fees is affirmed.

Dean & Kolts, Coeur d'Alene, for appellants. Charles R. Dean, Jr. argued.

James, Vernon & Weeks, P.A., Coeur d'Alene, for respondents. Susan P. Weeks argued.

———————————————

J. JONES, Justice.

The Coppedges appeal the district court's order denying attorney fees. We affirm.

## I.

This case is before the Court for a second time following our opinion in *Jorgensen v. Coppedge*, 145 Idaho 524, 181 P.3d 450 (2008). In the first case, Jorgensen brought an action against the Coppedges for breach of contract, breach of an implied contract, unjust enrichment, and quantum meruit. *Id*. at 526, 181 P.3d at 452. The Coppedges answered and filed a counterclaim seeking damages for fraud, breach of contract, unfair competition, and intentional interference with a prospective business advantage. *Id*. At trial, Jorgensen submitted his breach of contract claim and the Coppedges submitted their breach of contract and fraud counterclaims to the jury. *Id*. The jury found that the Coppedges breached the contract causing Jorgensen $68,754 in damages, that Jorgensen breached the contract but did not cause the Coppedges any damages, and that Jorgensen did not commit fraud. *Id*. On appeal, this Court held that the contract between the parties contained an unenforceable covenant not to compete and remanded the case with instructions to the district court to enter judgment dismissing Jorgensen's complaint with prejudice. *Id*. at 527–30, 181 P.3d at 453–54.

On remand, the Coppedges brought a motion to fix costs and attorney fees and Jorgensen filed a corresponding motion in opposition. The district court held that the Coppedges were entitled to costs as a matter of right. However, the district court also held that the Coppedges were not entitled to attorney fees because there was no prevailing party in the case. The court reasoned that while the Coppedges prevailed in the action to void the covenant not to compete, the case was a split decision because the Coppedges did not prevail on their counterclaims. The Coppedges now appeal to this Court, arguing the limited question of whether the district court erred in refusing to award them attorney fees.

## II.

The determination of prevailing party status is committed to the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *Shore v. Peterson*, 146

Idaho 903, 915, 204 P.3d 1114, 1126 (2009). When examining whether a district court abused its discretion, this Court considers whether the district court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of that discretion and consistently within the applicable legal standards; and (3) reached its decision by an exercise of reason. *Id.* Only in the rarest of circumstances will this Court reverse the district court's determination of which party prevailed. *Id.* at 914, 204 P.3d at 1125.

## A.

A prevailing party in an action is entitled to certain costs as a matter of right and may, in some cases, also be awarded discretionary costs and attorney fees. Idaho R. Civ. P. 54(d)(1). Rule 54(d)(1) guides the court's inquiry on the prevailing party question as follows:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Idaho R. Civ. P. 54(d)(1)(B). "In determining which party prevailed in an action where there are claims and counterclaims between opposing parties, the court determines who prevailed 'in the action.' That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, L.L.C., v. Nord Excavating & Paving, Inc.,* 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). This Court has held that when both parties are partially successful, it is within the district court's discretion to decline an award of attorney fees to either side. *Israel v. Leachman*, 139 Idaho 24, 27, 72 P.3d 864, 867 (2003). In *Israel*, the plaintiffs prevailed on their Idaho Consumer Protection Act claims but did not prevail on their breach of contract, statutory violations, and fraud claims. *Id.* at 25–26, 72 P.3d at 865–66. This Court affirmed the district court's decision not to award attorney fees because it determined that both parties prevailed in part. *Id.* at 28, 72 P.3d at 868. Similarly, in *Trilogy Network Systems, Inc. v. Johnson*, this Court affirmed the district court's determination that each party had prevailed in part and was unsuccessful in part because the plaintiff was successful in proving a breach of contract but failed to prove damages. 144 Idaho 844, 847–48, 172 P.3d 1119, 1122–23 (2007). In both *Israel* and *Trilogy Network Systems*, we deferred to the discretion of the district

court because each time it utilized, either explicitly or implicitly, the prevailing party analysis in Idaho Rule of Civil Procedure 54(d)(1)(B) and looked at the multiple claims of each party in determining that neither party prevailed in the action.

In this case, the district court correctly perceived that the prevailing party determination for an award of attorney fees was within its discretion and appropriately weighed the Rule 54(b)(1)(D) factors. Specifically, the court held:

> Well, I am going to grant the motion to disallow costs and attorney's fees. Well, costs are awarded as a matter of right, but the attorney's fees, that's discretionary, and I am granting the motion to disallow attorney's fees for two reasons. First of all, I agree that even though it was the plaintiffs that brought the case and the defendants are responding, the defendants brought counterclaims that they chose to file, and they vigorously pursued that, and it might have only been a thousand dollars of attorney's fees, I don't know, but time was spent at trial dealing with those counterclaims, and the defendants did not prevail on those, so I'm viewing this as a split decision and that there is no prevailing party.

This case is conceptually indistinguishable from *Israel* and *Trilogy Network Systems*. In each instance, the district court considered the competing claims in the context of the Rule 54(d)(1)(B) factors and determined that there was no overall prevailing party. In this case, the court considered that the Coppedges prevailed on the breach of contract claim and Jorgensen successfully defended against the fraud, breach of contract, unfair competition, and intentional interference with business advantage counterclaims that sought a return of all amounts paid under the contract.[1] *Jorgensen*, 145 Idaho at 526, 181 P.3d at 47. While the record does not reflect the specific amount of each claim, the parties allege that the amount of Jorgensen's claim was about $1 million while the Coppedges' counterclaims were in excess of $452,000. Aside from these monetary amounts, the district court also recognized that the Coppedges "vigorously pursued" their counterclaims through the expense of time and effort.

The Coppedges argue that because their counterclaims were essentially asserted in defense of Jorgensen's claim for breach of contract, the district court should not have found that Jorgensen prevailed on those claims. However, this argument ignores the fact that the Coppedges' counterclaims potentially subjected Jorgensen to nearly a half million dollars of liability. The Coppedges made the decision to seek affirmative relief in the form of counterclaims rather than simply asserting defenses to Jorgensen's claim. Rather, Rule

---

[1] The latter two causes of action were not pursued at trial. *Jorgensen*, 145 Idaho at 526, 181 P.3d at 47.

54(b)(1)(D) expressly requires the district court to consider the multiple claims between the parties. Therefore, we find that the district court did not abuse its discretion in making its determination under Rule 54(b)(1)(D).

**B.**

The Coppedges contend that they must be found to be the prevailing party for purposes of attorney fees because the court found them to be the prevailing party for costs. The Coppedges point out the inherent contradiction in the district court's findings—that they were entitled to a cost award, which requires a finding that they were the prevailing party, but that they were not entitled to a fee award because they were not the prevailing party. They assert that since they were found to have prevailed for cost purposes, it automatically follows that they are entitled to prevail for attorney fee purposes. That does not necessarily follow. One could just as easily argue that since the district court found that they had not prevailed for attorney fee purposes, they were not entitled to be awarded costs. The fact is that the district court performed the proper analysis with regard to the issue of attorney fees but did not do so with regard to the issue of costs. The judge wrongly assumed that a cost award was appropriate as a matter of right without the necessity of a Rule 54(d)(1)(B) analysis.[2] The fact is that the same analysis applies for both costs and fees. Idaho R. Civ. P. 54(e)(1). The district court did conduct the appropriate inquiry regarding prevailing party status for attorney fee purposes, he made the discretionary call that neither party had prevailed, and we therefore decline to hold that he abused his discretion.

**C.**

The Coppedges next argue that the district court impermissibly interjected its own equitable views into its prevailing party determination. To support this argument, the Coppedges cite to the Court of Appeals case of *Medical Recovery Services*, *LLC v. Jones,* 145 Idaho 106, 175 P.3d 795 (Ct. App. 2007), which in turn cites this Court's opinion in *Eighteen Mile Ranch*. In *Eighteen Mile Ranch,* we reversed the district court's finding that neither party prevailed, holding that the district court had improperly focused on the defendant's "less than tremendous success on its counterclaim" and ignored the fact that it had avoided all liability as a defendant." 141 Idaho at 719, 117 P.3d at 133. The Court instead found that the defendant was the prevailing party because it avoided all liability under the complaint and was successful on its counterclaim.

---

[2] Jorgensen has not cross appealed or argued that the district court erred in perfunctorily declaring the Coppedges to be entitled to a cost award. Thus, we do not address the cost award.

*Id.* After coming to that conclusion, the Court pointed out an additional infirmity in the district court's opinion. Specifically, the district court's opinion in *Eighteen Mile Ranch* contained the following language:

> Each of the parties in this case contributed to the misunderstandings that led to this litigation by the manner in which they did business. Their contractual obligations were haphazardly entered into with poor communication and understanding between them. The defendants inadequately performed their contractual obligations. Shelbys were overly critical of the defendants' performance. The parties' uncooperative attitudes continued into this case making it difficult, if not impossible, for them to settle their disputes without a trial. The parties are jointly responsible for the filing and continuation of this action.

*Id.* at 720, 117 P.3d at 134. Reviewing this language, we concluded that the district court let improper considerations play a part in determining the prevailing party in that case. *Id.* Thus, we stated, that "[a] court may not use the award or denial of attorney fees to vindicate [its] sense of justice beyond the judgment rendered on the underlying dispute between the parties. *Id.*

Attempting to make a similar argument here, the Coppedges refer to the following statement of the district court:

> The other reason that I am reluctant to award attorney's fees on behalf of the defendant following the remittitur and the Supreme Court's decision, it really focused on the covenant and the overbreadth nature of it, that wasn't raised until just before trial, a week before trial or it might be two weeks, whenever the pretrial brief is due, but I have a vague recollection that we didn't discuss that until we actually got into trial, and I may have well had a better shot at making the right decision regarding that issue if it wasn't in the heat of trial, and according to the Supreme Court I missed the boat, and I'll take my medicine and trust them that they're right, and I feel badly that fees were expended by both parties after that decision of mine during trial, but you know, I think had this been something that was raised in a separate motion, summary judgment motion or motion to dismiss prior to really being in the throws of trial, I think I can do my job better, and I'm not criticizing defense for the timing of the motion. . . .
> . . . .
>
> And I think it would be unfair to basically put all of the freight for that timing, and again, I'm not faulting the defense for that timing, but at this point it does seem to me to be unfair to saddle the plaintiff with all fees really for the whole litigation when if the timing were different it may be that we wouldn't have even had a trial, and so that's—that's the alternative reason.

The Coppedges argue that because the district court erred in *Eighteen Mile Ranch* by giving the *impression* that an improper motive was used for denying a party prevailing status, the district

court in this case committed reversible error by *expressly reasoning* that its prevailing party determination was based, at least in part, on the unfairness of subjecting Jorgensen to the burden of paying attorney fees.

The district court did not abuse its discretion by alluding to its sense of fairness or justice. The Court's statement in *Eighteen Mile Ranch* that "[a] court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute" must be viewed in context. 141 Idaho at 720, 117 P.3d at 134. The Court made the statement only after it determined that the district court in that case abused its discretion on the separate ground that it improperly focused on the defendant's lack of success on its counterclaim and ignored the defendant's avoidance of liability on the underlying claim. *Id.* at 719–20, 117 P.3d at 133–34. Similarly in this case, the district court first asserted independent and reasoned grounds upon which it denied either party the prevailing status; only then did the district court state its "alternative reason" for denying attorney fees. Consequently, the district court's comment regarding the fairness of subjecting Jorgensen to the burden of paying attorney fees cannot serve as the basis for a finding of abuse of discretion because the court had independent and reasoned grounds for its prevailing party determination and consequent denial of attorney fees.

### D.

Finally, the Coppedges argue that the district court abused its discretion by failing to consider the Coppedges' settlement offers in its attorney fees determination. In making its determination, the district court stated:

> Looking at 408, I do think that 408 does not apply. I've looked at your evidence regarding the mediation and I think I can disregard that, and I am, but 408—here's what I view as being the relevant language. Evidence of compromise claims, quote, is not admissible to prove liability for invalidity of, or amount of the claim, or any other claim, end of quote, and so the defense right now is claiming attorney's fees, and that—it's not the substantive claim, it's not the breach of contract claim, it's not damages claim, but it's any other claim, still making a claim, and then the rule goes on to say, quote, the rule does not require exclusion of the evidence if the evidence is offered for another purpose such as proving bias or prejudice, negative contention of undue delay, proving an effort to obstruct a criminal investigation or prosecution. Doesn't say anything like attorney's fees. Certainly doesn't say attorney's fees and it doesn't say anything even remotely like attorney's fees.

7

I think attorney's fees are akin to, quote, any other claim found within the rule, and that's Rule 408, so that's my entire ruling . . . .

The Coppedges cite *Sigdestad v. Gold* for the proposition that "a district court is not precluded from considering pretrial settlement negotiations in determining whether the criteria of Rule 54(e)(1) have been established." 106 Idaho 693, 695, 682 P.2d 646, 648 (Ct. App. 1984). However, this Court disapproved of that holding in *Anderson v. Anderson, Kaufman, Ringert and Clark, Chartered*:

> Just last year this Court reasserted our earlier holding in *Payne v. Foley,* 102 Idaho 760, 639 P.2d 1126 (1982), that in determining whether or not to award attorney fees under I.C. § 12-121 the trial courts may not consider the extent of any settlement negotiations which the parties may or may not have engaged in. In *Ross v. Coleman,* 114 Idaho 817, at 836, 761 P.2d 1169, at 1188 (1988), this Court stated, quoting from *Payne,* "There is no authority in a trial court to insist upon, oversee, or second guess settlement negotiations, if any, and certainly no authority to impose sanctions for 'bad faith' bargaining." *Ross v. Coleman* overruled *Sigdestad v. Gold sub silentio.* We again affirm our holdings in *Payne v. Foley,* and *Ross v. Coleman, i.e.,* "that the failure to enter into or conduct settlement negotiations is not a basis for awarding attorney fees under I.C. § 12-121 and I.R.C.P. 54(e)(1)." *Id.* The language in *Sigdestad v. Gold,* 106 Idaho 693, 682 P.2d 646 (Ct. App. 1984), to the contrary is in error and is expressly disapproved.

116 Idaho 359, 365–66, 775 P.2d 1201, 1207–08 (1989) (emphasis in original). Thus, district courts may not consider settlement negotiations in the attorney fees determination.[3]

Moreover, while the Coppedges frame the issue as one involving settlement negotiations, the settlement offers the Coppedges relied upon were made in unsuccessful mediation proceedings. Idaho Rule of Evidence 507(3) creates an express privilege for mediation communications:

> (3) **Privilege against disclosure; admissibility; discovery.**
> (a) Except as otherwise provided in subpart 5, a mediation communication is privileged as provided in subsection (b) and is not subject to discover or admissible in evidence in a proceeding unless waived or precluded as provided in subpart 4.

---

[3] This does not mean that district courts may not consider offers of judgment in making the prevailing party determination. While settlement negotiations are best facilitated by confidentiality, offers of judgment pursuant to I.R.C.P. 68 are allowed to have some bearing on the issue. *See Crump v. Bromley*, 148 Idaho 172, 219 P.3d 1188 (2009).

Idaho R. Evid. 507(3). As mediation has become increasingly popular as an alternative dispute resolution process, courts and legislatures have recognized the need to ensure the confidentiality of the mediation process. According to one commentator's view:

> It is universally recognized that in order for non-judicial settlement discussions and other ADR mechanisms to work, they must be conducted in a spirit of candor and in such fashion that anything said or done during the discussions will not cause jeopardy to any of the parties should there be subsequent litigation.

James J. Restivo, Jr. & Debra A. Mangus, *Alternative Dispute Resolution: Confidential Problem-Solving or Every Man' s Evidence?, in* CONFIDENTIALITY IN MEDIATION: A PRACTITIONER'S GUIDE 143, 143 (ABA 1985). Simply put, mediation will not be successful if participants fear that their own statements will subsequently be used against them in litigation. Consequently, the district court correctly refused to consider mediation communications in making its prevailing party determination.

## E.

The Coppedges argue that they are entitled to fees on appeal under Idaho Code section 12-120(3) and I.R.C.P. 54(e)(1). The Coppedges have not prevailed on appeal so there is no basis for a fee award.

## III.

We affirm the district court's order denying attorney fees. Costs on appeal awarded to Jorgensen.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.