666 P.2d 1169

Floyd A. DECKER and Marianne D. Decker, husband and wife, Plaintiffs-Cross Claimants-Respondents,

and

Robert Deshazo Builders, Inc., an Idaho corporation, Plaintiff-Counter Defendant-Cross Defendant-Counter Claimant-Respondent,

and

Robert Deshazo, Jr. and Emily Deshazo, husband and wife, Plaintiffs-Cross-Claimants-Respondents,

v.

HOMEGUARD SYSTEMS, A DIVISION OF INTERMOUNTAIN GAS COMPANY, Defendant-Counter Claimant-Counter Defendant-Appellant.

No. 14315.

Court of Appeals of Idaho.

July 19, 1983.

Mark S. Prusynski, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-counter claimant-counter defendant-appellant.

Richard H. Greener, of Clemons, Cosho & Humphrey, Boise, for respondents.

WALTERS, Chief Judge.

This is an appeal from an award of attorney fees under I.C. § 48–608(3), a provision of the Idaho Consumer Protection Act. We affirm the award.

The underlying lawsuit arose from the sale by appellant Homeguard Systems, a division of Intermountain Gas Co., (hereinafter "Homeguard") to the respondent Robert DeShazo Builders, Inc., of solar assisted hydronic heating systems. The systems were incorporated into two homes which were sold to the other respondents, the Deckers and the DeShazos. Alleging that the systems did not operate properly, the Deckers, the DeShazos, and Robert DeShazo Builders, Inc. filed suit for damages against Homeguard. The matter was tried to a jury.

The jury found that Homeguard had committed fraud, had violated the Consumer Protection Act, and had breached express warranties. The jury awarded damages to the Deckers and to the DeShazos. On the other hand, the jury found in favor of Homeguard on a counterclaim to collect an open account against Robert DeShazo Builders, Inc. Entering judgments upon these verdicts, the district court also awarded costs and attorney fees to the Deckers and the DeShazos against Homeguard under I.C. § 48–608(3), and to Homeguard against Robert DeShazo Builders, Inc. on the account collection, under I.C. § 12–120(2). Homeguard appeals from the judgment awarding fees and costs against it in favor of the Deckers and the DeShazos.

Although several issues were specified by Homeguard in its briefs on appeal, it candidly acknowledged at oral argument that the issues on review can be summarized into two general areas: (1) did the trial court err in ruling that the Deckers and DeShazos were the "prevailing parties" in their claims against Homeguard? and (2), did the trial

court abuse its discretion in fixing the amount of attorney fees awarded in favor of the Deckers and the DeShazos and against Homeguard?[1] In addition, we are asked by the respondents Decker and De-Shazo to award attorney fees to them for representation in this appeal.

The statute under which the trial court awarded the disputed fees, I.C. § 48–608(3), provides as follows:

Costs shall be allowed to the prevailing party unless the court otherwise directs. In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails. . . .

Homeguard contends that the trial court erred in concluding that the Deckers and the DeShazos "prevailed" under the statute. Basically, Homeguard attacks the court's determination in three respects. First, Homeguard points to the fact that among the claimants—the Deckers, the DeShazos, and Robert DeShazo Builders, Inc.—a total of twenty-eight causes of action were alleged. All but six of those claims were either dismissed voluntarily, or dismissed or taken from the jury upon motion of Homeguard before submission of the case to the jury. Thus, Homeguard asserts that it, not the Deckers and the DeShazos, prevailed on the vast majority of the claims made.

Second, Homeguard points to the dollar amounts awarded by the jury upon the claims of fraud, Consumer Protection Act violations, and breach of warranties, as compared with the relief in damages sought by the claimants in their complaints. Homeguard contends that the jury awarded damages equivalent to only three percent of the total recovery sought. From this, Homeguard again concludes that it, not the Deckers or DeShazos, prevailed.

Finally, Homeguard analyzes the result on its counterclaim and on cross-claims between the respondents. As noted earlier, Homeguard successfully counterclaimed against Robert DeShazo Builders, Inc. to recover on an open account. A cross-claim was also filed by the Deckers and the De-Shazos against Robert DeShazo Builders, Inc. This cross-claim was voluntarily dismissed prior to trial. Thus, Homeguard argues, the cross-claimants did not prevail on their cross-claim against Robert DeShazo Builders, Inc., while Homeguard did prevail on its counterclaim against that same party.

The trial court addressed these contentions. In respect to the multiple causes of action, the court ruled that the procedure employed by the respondents, of requesting relief in the alternative on numerous causes of action, was within the spirit and intent of the "liberalized" rules of civil procedure. The court further observed that, due to a trend in malpractice cases, there is a tendency for counsel to plead multiple causes of action (as well as any possible affirmative or other defenses) which could be developed from facts and circumstances known at the time of pleading—subject to having those causes or defenses withdrawn or dismissed during the pretrial stage, when it develops that they are unsupportable. The court could "see no reason to discourage this prudent conduct on the part of counsel, so long as it is done in good faith." The court took note of the available sanctions for dilatory or bad faith pleading. The court then concluded that

[the] actions here are consistent with the rules which were intended to allow a plaintiff to liberally plead causes of action and various forms of relief where a plaintiff honestly and in good faith is in doubt about the facts of the case or the legal theories upon which he will rely. There is no indication to me that plaintiffs acted here in bad faith, or filed sham

1. In its brief on appeal, Homeguard also questioned the trial court's determination that the award was not precluded by virtue of certain offers of judgment made by Homeguard to the Deckers and the DeShazos under the then-existing provisions of I.R.C.P. 68. At oral argument, Homeguard conceded that the trial court's decision regarding Rule 68 was correct and withdrew its claim of error concerning Rule 68. That issue will therefore not be discussed further herein.

or frivolous pleadings.... [T]he present case was an involved, unique and time-consuming case; and in view of the complex nature of the case, the procedure utilized by the plaintiffs would appear to be reasonable and the claims pursued by them in good faith.

In respect to the recovery achieved, the court ruled:

In considering this matter in its total context, I again come to the inescapable conclusion that the plaintiffs basically prevailed against the defendant [Homeguard], even though the plaintiffs were unable to prevail on a majority of the various claims covered by their various pleadings. The jury here returned a verdict in favor of the plaintiffs and awarded damages against the defendants [sic] relative to the basic and principal complaints on claims pursued by the plaintiffs against the defendant.

■ The determination of who is a prevailing party, for the purpose of receiving an award of attorney fees, is committed to the sound discretion of the trial court. I.R. C.P. 54(d)(1)(B); 54(e)(1). That determination will not be disturbed unless an abuse of discretion has occurred. *Chadderdon v. King,* 104 Idaho 406, 659 P.2d 160 (Ct.App. 1983). Where the trial court has exercised its discretion after a careful consideration of the relevant factual circumstances and principles of law, and without arbitrary disregard for those facts and principles of justice, that exercise of discretion has not been abused and will not be disturbed. *Chadderdon, supra, citing Hutchinson v. Kelton,* 99 Idaho 866, 590 P.2d 1012 (1979) and *Lisher v. Krasselt,* 96 Idaho 854, 538 P.2d 783 (1975). Applying those standards to this case, we conclude that the trial court here did not abuse its discretion in determining that the Deckers and the DeShazos prevailed in the action as against Homeguard.

We turn next to the issue of whether the trial court abused its discretion in fixing the amount of attorney fees to be awarded. Homeguard questions the award in two respects. First, Homeguard contends that the trial court erred in allowing recovery of fees for all of the time devoted by the respondents' counsel in the entire case for all three groups of claimants on all causes of action. Homeguard asserts that the computation of the award should have been made by apportionment between the claims upon which the respondents received affirmative verdicts from the jury, and the claims which were abandoned or dismissed.

Second, Homeguard contends the court failed to properly apply the criteria set forth in I.R.C.P. 54(e)(3) for the determination of the amount of fees to be awarded. Particularly, Homeguard asserts the trial court refused to take into account the existence of a contingent fee agreement between the respondents and their counsel.

In this case, the trial court issued two memorandum decisions regarding the award of attorney fees against Homeguard. The first decision was rendered following a hearing on Homeguard's objection to the respondents' memorandum of costs and attorney fees. The second opinion resulted from a motion by Homeguard to reconsider the award made in the first decision. Homeguard's opening brief on this appeal was filed following the first memorandum decision. In that brief, Homeguard stated that it had not yet received the second opinion. The record shows that the opinion on reconsideration was filed shortly before Homeguard lodged its brief on appeal. After its opening brief was filed, Homeguard then changed counsel on appeal. It is apparent that the arguments of Homeguard, in its opening brief, were largely addressed and disposed of by the trial court in the second memorandum decision.

■ Pointing to I.R.C.P. 54(d)(1)(B), Homeguard argues that the court should have apportioned the fees incurred by Deckers and DeShazos based upon the success, or failure, of recovery on their several claims. That rule allows the trial court to consider the final results obtained in relation to the various claims made. In its discretion the court may apportion costs and fees in conjunction with determining who is a prevailing party. *Chadderdon, su-*

*pra.* As noted earlier, the trial court considered the effect of the multiple causes of action. The court compared the amounts claimed for attorney fees by all parties, both the plaintiffs and the defendant. The judge concluded:

> The amount of the attorney fees claimed by Plaintiffs are substantial. However, they are not disproportionate to those claimed by defendant, and this appears to have been a time consuming, unique and involved case. I cannot identify any items included in the attorney fees which appears to be unreasonable. After consideration of the factors listed in Rule 54(e)(3), I.R.C.P., I conclude that the fees claimed are not unreasonable.

In response to Homeguard's motion for reconsideration, the trial judge again addressed the apportionment issue. He declined to apportion the fees, opting in favor of the "inescapable conclusion" that the Deckers and the DeShazos "basically prevailed" against Homeguard. Under the applicable standard of review, we hold that the trial court did not abuse the discretion vested in it under I.R.C.P. 54(d)(1)(B), in refusing to apportion the fees on the basis of affirmative recovery on the various claims. Cf. *Chadderdon, supra* (discretionary award of fees based upon apportionment between prevailing and nonprevailing claims, upheld.)

We next address Homeguard's assertion that the court improperly applied the criteria of Rule 54(e)(3) in determining the fee allowance. That rule provides:

> *Amount of attorney fees.*—In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:
>
> (A) The time and labor required.
>
> (B) The novelty and difficulty of the questions.
>
> (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
>
> (D) The prevailing charges for like work.
>
> (E) Whether the fee is fixed or contingent.
>
> (F) The time limitations imposed by the client or the circumstances of the case.
>
> (G) The amount involved and the results obtained.
>
> (H) The undesirability of the case.
>
> (I) The nature and length of the professional relationship with the client.
>
> (J) Awards in similar cases.
>
> (K) Any other factor which the court deems appropriate in the particular case.

In both of its memorandum decisions, the trial court specifically stated that it had considered the factors set forth in Rule 54(e)(3). The court declined to give greater weight to any one factor (particularly the "contingent fee" element) over any of the other factors. The court stated:

> ... Although it is true that one of the factors to be considered by the Court under Rule 54(e)(3) is whether a fee is fixed or contingent, and that another factor is the amount involved and the results obtained; there are nine factors, in addition to these, which the rule requires the Court to consider. As previously discussed in my Memorandum Decision, considering the time and labor required, the novelty and difficulty of the questions involved, the ... attorney fees incurred by Homeguard, [as shown by] the Memorandum it filed herein [o]n March 9, 1981, and other appropriate factors, the attorney fee ... awarded to the plaintiffs in this action pursuant to the Consumer Protection Act, is reasonable.

The award made by the trial court for attorney fees against Homeguard was in excess of the amount the respondents' attorney would receive from his clients, under the contingent fee agreement, calculated upon the verdicts of the jury. The court held there was nothing in the statute under which the fees were awarded (I.C. § 48–608(3)), nor in I.R.C.P. 54, to limit the amount of the reasonable attorney fees recovered to that actually incurred by the prevailing party by virtue of its contract

with its attorney. Homeguard suggests that to allow recovery to the prevailing party in excess of the amount which the party is obligated by contract to pay to his attorney is improper. Homeguard argues the fee award should be limited to the minimum amount required to be paid under the attorney's contract of employment.

We disagree. Homeguard's position would require the court to place undue emphasis on one element of Rule 54(e)(3), above the other factors. We do not read the rule as being so limited. Under the rule the trial court is required, as was done here, to consider the existence and terms of the contingency arrangement. But the court is not required to give that factor any more weight than should be given to the other factors applicable to reaching the ultimate determination of the reasonableness of the amount to be awarded. We decline to impose the limitation suggested by Homeguard. *Chadderdon, supra.*

In our view, the trial court here gave due consideration to all applicable factors under Rule 54(e)(3). We are not persuaded that the trial court abused its discretion in fixing the amount of the award.

Finally, the respondents request an award of attorney fees for representation in this appeal. We are guided by the principles set forth in *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). By that authority, attorney fees on appeal will not be awarded where the losing party brings the appeal in good faith and where a genuine issue of law is presented, unless the appellate court is left with an abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably, or without foundation.

While this appeal simply required a review of the exercise of discretion by the trial court, *compare Reuth v. State,* 103 Idaho 74, 644 P.2d 1333 (1982), it called for review of the exercise of that discretion under I.C. § 48–608(3) and Rule 54(e)(3) I.R.C.P., thus presenting genuine issues not heretofore addressed by our Supreme Court in connection with that statute and rule. We are not left with the abiding belief that this appeal was brought or pursued frivolously, unreasonably, or without foundation. Accordingly, we conclude that attorney fees should not be awarded to the respondents, albeit they prevailed on this appeal.

Costs to respondents, Deckers and DeShazos.

SWANSTROM, J., and REINHARDT, J., pro tem, concur.