697 P.2d 1223

Ernest J. CHENEY,
Plaintiff-Respondent,

v.

Duane B. SMITH and Alberta Smith,
husband and wife,
Defendants-Appellants.

No. 15332.

Court of Appeals of Idaho.

March 26, 1985.

William M. Killen, McCall, for defend-ants-appellants.

Charles J. Nicholas, McCall, for plaintiff-respondent.

PER CURIAM.

This litigation arises from dissolution of a partnership. As part of a settlement between the partners, appellants Smith de-livered a promissory note to respondent

Cheney. Cheney later sued to collect the note but the district court found that Cheney had procured the note in breach of his fiduciary duties to the partnership. The court adjudged the Smiths to be free of any liability on the note. The Smiths requested an award of attorney fees under I.C. § 12–120(2). The district judge denied the request, holding that the statute applies only to promissory notes relating to sales of goods. The Smiths appealed. We reverse the order denying attorney fees.

■ The statute provides, in pertinent part, as follows:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise ... the prevailing party shall be allowed a reasonable attorney fee....

In *Boise Truck & Equipment, Inc. v. Hafer Logging, Inc.,* 107 Idaho 824, 693 P.2d 470 (Ct.App.1984), we held that the participial phrase, "relating to the purchase or sale of goods, wares, or merchandise," modifies only the immediately preceding word "contract" and does not limit the earlier preceding words "open account, account stated, note, bill, negotiable instrument...." Our decision was based largely upon the treatment accorded the statute by our Supreme Court in *Torix v. Allred,* 100 Idaho 905, 606 P.2d 1334 (1980). Our decision in *Boise Truck* prompted a petition for review. The petition was denied by the Supreme Court on February 19, 1985. Consequently, *Boise Truck* governs the construction of I.C. § 12–120(2). Although *Boise Truck* involved an action to recover on an open account, rather than an action on a promissory note, the analysis remains the same. *See Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984).

Respondent Cheney challenges the *Boise Truck* interpretation, advancing an argument not considered in *Boise Truck* itself. Cheney contends that our construction of I.C. § 12–120(2) renders the statute unconstitutional by creating a conflict between the text and the title of the bill which enacted the language at issue here. *See* 1975 Idaho Sess. Laws, ch. 65, § 1, p. 131. The title recites, in part, that the bill establishes an entitlement to reasonable attorney fees "in civil actions on open accounts and other agreements for the purchase of goods...." Article 3, § 16, of the Idaho Constitution provides as follows:

*Unity of Subject and Title.*—Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.

■ Article 3, § 16, does not require the heading of a bill to track every provision of the text, or vice versa. Rather,

[t]he purpose of this constitutional provision is to prevent fraud and deception in the enactment of laws and to provide reasonable notice to the legislators and the public of the general intent and subject matter of the act. As such, the title of the legislative act need not serve as a catalog or index to the subject matter of the act, but need only set forth the general subject.... The body of the act ... [may] not encompass subjects which are not germane to or which are incongruous with the title.

*Kerner v. Johnson,* 99 Idaho 433, 452, 583 P.2d 360, 379 (1978) (citations omitted).

■ The critical task is to identify the "general subject" of the bill. In our view, the "general subject" of the bill here in question is the award of attorney fees in civil actions. The text of the statute, as construed in *Boise Truck,* plainly falls within this subject. Its provisions are germane to, and are not incongruous with, the subject. To define the subject more narrowly, by limiting it to enumerated civil actions mentioned in the title, would be to treat the title as a catalog or index to the act. The Supreme Court rejected this approach in *Kerner* and, accordingly, we reject it here.

■ We conclude that I.C. § 12–120(2) applies to the instant case. The district judge acknowledged this possibility in his order denying attorney fees, noting that "if it should be determined on appeal that [the Smiths] are entitled to their attorney fees in this matter, SEVEN THOUSAND DOL-LARS ($7,000.00) would be a reasonable attorney fee." This conditional determination of the fee has not been questioned on appeal. Consequently, although we reverse the district court's order, we do not disturb that portion of it fixing a reasonable fee. The case is remanded for entry of an order making this award.

■ Idaho Code § 12–120(2) applies to appeals as well as to trial court litigation. We have held that the statute does not apply to an appeal taken solely from the *amount* of an award below, but we have recognized that it applies where, as here, the appeal is concerned with the *entitlement* to an award below. *See DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (1984). Consequently, we award costs including a reasonable attorney fee on appeal, as determined in conformity with I.A.R. 41(d), to appellants Smith.