701 P.2d 324

**CRAFT WALL OF IDAHO, INC., an Idaho corporation, Plaintiff-Appellant,**

v.

**Keith STONEBRAKER, Defendant-Respondent.**

**Keith STONEBRAKER, Plaintiff-Respondent,**

v.

**Roger BOOTH, Larry Booth and Bruce Sweeney, dba Cytron Investment Co., Defendants-Appellants.**

No. 15370.

Court of Appeals of Idaho.

June 3, 1985.

Loren J. Eddy and Daniel W. O'Connell of Ware, Stellmon, O'Connell & Stellmon, Lewiston, for appellants.

Reed Clements of Clements, Brown & McNichols, Lewiston, for respondent.

Before WALTERS, C.J., SWANSTROM, J., and PRATHER, J. Pro Tem.

PER CURIAM.

Craft Wall of Idaho, Inc. sued Keith Stonebraker to recover less than $2,000 for merchandise it delivered, but for which Stonebraker did not pay. In his answer and counterclaim, Stonebraker claimed a set-off for insurance premiums allegedly due him from a subsidiary of Craft Wall. The set-off also amounted to about $2,000. Judgment was awarded to Craft Wall on its claim, while Stonebraker's set-off was disallowed. Craft Wall requested an award of attorney fees under I.C. § 12–120(2). One of Craft Wall's attorneys submitted an affidavit which showed that their charges amounted to approximately $9,000. The district court, however, awarded only $3,000. Craft Wall's motion to reconsider was denied and this appeal followed. We affirm.

▪ That Craft Wall was the prevailing party and, as such, was entitled to a reasonable attorney fee is not challenged on appeal. Rather, the sole issue is whether the district court erred in determining the amount of attorney fees to which Craft Wall was entitled. Among the factors to be considered in determining the amount of such fees is "[t]he time and labor required" by the attorney(s) in prosecuting the action. *See* I.R.C.P. 54(e)(3)(A). Craft Wall contends that this means "the time and labor *actually* required." The district court allegedly misinterpreted this factor to mean "the time and labor *reasonably or normally* required." The court stated:

It doesn't appear to me that the time and labor reflected in the affidavit was required, would normally be required to prosecute this type of a case. There was a lot of time as Mr. O'Connell pointed out. The amount of time and the fee was even surprising to him, it was surprising to me when I saw the amount and I'm sure it was surprising to Mr. Clements and Mr. Stonebraker. So it would not normally and you would not usually reasonably say that that amount of time and attorneys fees would be required to prosecute or to defend against a claim of $2,000.

▪ The time and labor actually required, however, is not the "be all, end all" of the attorney fees question.

It appears to be universally agreed that the amount of time and labor expended

by the attorney on behalf of his client is, in general, one of the most important factors, if not the most important factor, considered by the courts in determining what constitutes a reasonable fee in a particular case. . . .

[However,] where other factors would not appear to justify a large fee, the mere fact that the attorney spent many hours on a case will not alone support an allowance to which he might otherwise be entitled. . . .

Annot., 57 A.L.R.3d 475, 484 (1974). A court is permitted to examine the reasonableness of the time and labor expended by the attorney under I.R.C.P. 54(e)(3)(A) and need not blindly accept the figures advanced by the attorney.

■■■ *In re the Marriage of Jayne,* 200 N.W.2d 532 (Iowa 1972), involved a claim for attorney fees of $7,350 which was reduced by the Iowa Supreme Court. The reason given by the Court was that "an inordinate amount of time" was claimed for the preparation of motions and documents. A "reasonable total" for the attorney fees was determined to be $4,000. Thus, the actual time and labor required was given some consideration, but it was also measured against a standard of reasonableness. An attorney cannot "spend" his time extravagantly and expect to be compensated by the party who loses at trial. The time and labor actually required is merely the starting point for determining a reasonable attorney fee. We see nothing erroneous about the way the district court applied I.R.C.P. 54(e)(3)(A).

Craft Wall next contends that the district court made improper and inconsistent statements in awarding attorney fees and that such statements require a reversal. First, Craft Wall points out that the court indicated the time and labor reflected in the attorney's affidavit would not *"normally* be required to prosecute this type of case." The court later stated that it did not "think that [Craft Wall and Stonebraker] would *normally* be fighting about $2,000." Craft Wall's argument is that because the court "held" the case was not *normal,* referring

to the second statement, it was inconsistent to determine attorney fees by what is *normally* required to prosecute cases of this type. This argument is not persuasive. The record clearly demonstrates that the district court considered each of the factors set out in I.R.C.P. 54(e)(3) as it pertained to the facts before it. The fine distinction drawn by Craft Wall ignores the context in which the court made the two allegedly inconsistent statements. The court simply used the word "normal" in two different senses. We see no inconsistency and no error.

Second, Craft Wall suggests there is an inconsistency between the court's statement that "the only way for the plaintiff to collect the open account was to defend against the counterclaim" and the statement "I think there was a great deal of principle involved" in pursuing and defending this action. There is no inconsistency here, either. The collection of a given debt may not, as here, be worth the time and expense necessary to collect it. Yet, because of principle, the creditor may expend the time and expense anyway. The principle simply serves to explain the actions of the creditor in such situations. Thus, the ideas are not mutually exclusive; they are, rather, complementary. Craft Wall also suggests that by saying the action involved "a great deal of principle" the court was implying that Craft Wall had not diligently sought to settle the case. Craft Wall argues that this implication was pure speculation and furthermore was an improper factor to consider in determining attorney fees. We do not believe, however, that the court intended to imply any lack of diligence in settlement negotiations. Craft Wall only invites us to engage in what it also condemns—speculation.

The final argument raised concerns the actual calculation of the award. The district court reduced the requested attorney fees from $9,000 to $3,000 because of duplication of effort caused by delays and changes in attorneys. Craft Wall contends Stonebraker made no showing that the delays in the trial and the duplication of ef-

fort he claims occurred[1] increased the amount of attorney fees over what they would have been without the delays or duplication. Common sense, however, would require a different conclusion. The delays in this case caused a duplication of effort, and hence an increase in attorney fees, due to the need to prepare for trial four separate times. That is, as each new trial date approached, the attorneys had to refresh themselves about the case in order to effectively and competently present it. Likewise, the changes of attorneys caused a duplication of effort which would certainly cause an increase in attorney fees incurred. The district court held that Stonebraker should not be responsible for all the fees. It was within the sound discretion of the district court to so hold.

Craft Wall also contends that the amount determined by the district court as a reasonable attorney fee has no bearing to the case at all, but is purely arbitrary. Indeed, the district court indicated that the amount he found as a reasonable attorney fee was, to a degree, arbitrary. A reasonable attorney fee, however, is not always susceptible to mathematical calculation. The record reveals a thorough examination of the factors set out in I.R.C.P. 54(e)(3). Based upon that examination, the district court set a reasonable attorney fee. This precludes a finding that the award bears no relationship to the case. A determination of a reasonable attorney fee will not be overturned unless it is clearly erroneous. *See* Annot., 57 A.L.R.3d 475, 482 (1974). The award was not clearly erroneous.

■ Stonebraker requests attorney fees on appeal under I.C. § 12–121. Applying the criteria of *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979), we decline to award attorney fees on appeal. The order of the district court setting Craft Wall's attorney fees is affirmed.

Costs to respondent, Stonebraker.

---

1. This case was set for trial four times before it was finally heard. The district court held that at least some of the delays were at the request of and caused by Craft Wall. Craft Wall further suffered from three attorney changes during the course of the case, a factor which the district court believed inevitably caused duplication of effort under the circumstances of the case.