815 P.2d 461

**Karl and Peggy SHURTLIFF, Plaintiffs–Appellants,**

v.

**NORTHWEST POOLS, INC., Defendant–Respondent.**

No. 18596.

Court of Appeals of Idaho.

May 2, 1991.

Rehearing Denied June 25, 1991.

Petition for Review Denied Sept. 17, 1991.

M. Karl Shurtliff, pro se.

Imhoff & Lynch, Boise, for defendant-respondent. David R. Lombardi argued.

WALTERS, Chief Judge.

### FACTS AND PROCEDURAL POSTURE

Karl and Peggy Shurtliff contracted with Northwest Pools, Inc. (Northwest) to have a pool built in their backyard. The total cost of the pool was $12,500. The Shurtliffs paid $6,250 when excavation began and agreed to pay the balance when the pool was finished. Unfortunately, the pool was not built to the size specified in the contract and was not completed in two weeks as Northwest had promised. The parties tried to negotiate a resolution to the dispute, but when that attempt was unsuccessful the Shurtliffs sued Northwest, claiming under I.C. § 48–608 that the company had violated Idaho's Consumer Protection Act, and seeking "at least $10,000

in damages" plus attorney fees.[1] They also claimed that Northwest had breached its contract by not constructing the pool as specified.

Northwest answered by denying most of the Shurtliffs' claims and asserting that the Shurtliffs' only remedy was for liquidated damages as specified in the contract. Northwest then filed a counterclaim for the remainder of the contract price for the pool minus an offset for the reduced pool size.

After trial in the magistrate division, the jury returned a special verdict finding that Northwest had engaged in a practice which violated the Consumer Protection Act. However, the jury also found that the Shurtliffs had failed to prove any "ascertainable loss of money or property" because of the violation. On the Shurtliffs' breach of contract claim, the jury found for the Shurtliffs and awarded them $760 in damages.

The trial court entered a judgment adopting the findings of the jury and stating that a finding of ascertainable loss was an essential element of prevailing under I.C. § 48–608(1). Because the Shurtliffs had failed to prove an ascertainable loss, the court found that they were not entitled to an award of damages and were not prevailing parties, thus they were not entitled to attorney fees under I.C. § 48–608(3). The court also found that because Northwest had violated the statute it too was not a prevailing party on the Consumer Protection Act claim.

However, the court determined that Northwest was the prevailing party on the Shurtliffs' additional claim for breach of contract. The court stated that Northwest had essentially admitted the breach and the only issue left was to determine damages. The court noted a lack of proof of damages sustained by the Shurtliffs, stating that they had put forth no evidence to show that the swimming pool, as built, resulted in a decrease in value of their property, an impairment of its use, or that the final area of

the pool resulted in additional expense. The court essentially stated that the only evidence provided by the Shurtliffs was that the "plaintiffs' showing of damages centered on a discussion of the size of the pool and what they urged should be an adjustment to the total purchase price." On Northwest's counterclaim for money due on the contract, the court found in favor of Northwest, reducing the amount the company sought by the $760 in damages awarded to the Shurtliffs, and ruled that the Shurtliffs owed Northwest $5,490 on the contract.

The Shurtliffs moved for a new trial, which was denied by the court. In response to a motion by Northwest, the court entered an amended judgment reflecting the $5,490 contract price plus $818.50 in costs and $6,131 in attorney fees for a total of $12,439.50 owed by the Shurtliffs. On appeal by the Shurtliffs to the district court, the judgment of the magistrate was affirmed. The Shurtliffs now appeal to this court.

## QUESTIONS PRESENTED

The Shurtliffs raise several issues on appeal. They are summarized and will be addressed in the following order:

1. Did the trial court err in determining that the Shurtliffs had to suffer "ascertainable damages" under I.C. § 48–608(1) before they could be considered prevailing parties and awarded attorney fees under I.C. § 48–608(3)?

2. Did the trial court err when it ruled in favor of Northwest on its counterclaim and determined that the Shurtliffs owed Northwest $6,250 on the contract, offset by $760 in damages?

3. Did the trial court err when it granted attorney fees to Northwest under I.C. §§ 12–120, 12–121 and the contract?

4. Did the trial court err in determining the amount of attorney fees or in failing to apportion those fees among the issues

---

1. I.C. § 48–608 was modified and renumbered by the Legislature in 1990. *See* 1990 Idaho Sess. Laws, ch. 273, p. 766. The modifications do not affect the substantive issues presented in this case. When discussing the statute, we will refer to it as it was in effect at the time the Shurtliffs filed their complaint.

upon which the Shurtliffs and Northwest prevailed?

5. Did the district court err in determining the amount of attorney fees and costs awarded to Northwest on appeal?

## STANDARD OF REVIEW

When reviewing an appellate decision of the district court which has reviewed a magistrate's findings and conclusions, we examine the record independent of, but with due regard for, the district court's decision. *Matter of McNeely*, 119 Idaho 182, 804 P.2d 911 (Ct.App.1990). Based upon our review of the magistrate's findings and conclusions, we will affirm or reverse the district court's appellate decision accordingly. *Id.*

## I

### Consumer Protection Act

The Shurtliffs argue that the trial court erred when it determined that they were not prevailing parties under I.C. § 48-608(1). They assert that an award of damages is not a prerequisite to prevailing under I.C. § 48-608(1), and that therefore they should be entitled to attorney fees under I.C. § 48-608(3). We find no error and affirm the ruling of the magistrate.

■ The determination of who is a prevailing party, for purposes of receiving an award of attorney fees, is committed to the sound discretion of the trial court. *Decker v. Homeguard Systems*, 105 Idaho 158, 161, 666 P.2d 1169, 1172 (Ct.App.1983); I.R.C.P. 54(d)(1)(B). That determination will not be disturbed unless an abuse of discretion has occurred. *Decker*, 105 Idaho at 161, 666 P.2d at 1172; *Chadderdon v. King*, 104 Idaho 406, 411, 659 P.2d 160, 165 (Ct.App.1983). When determining who is a prevailing party, the court is to consider (a) the final judgment or result obtained in the action in relation to the relief sought; (b) whether there were multiple claims or issues presented; and (c) the extent to which each of the parties prevailed on each of the issues or claims. *Decker*, 105 Idaho at 161,

666 P.2d at 1172; *Chadderdon*, 104 Idaho at 411, 659 P.2d at 165; I.R.C.P. 54(d)(1)(B).

Idaho Code § 48-608(1) specifies that any person who purchases goods or services and thereby suffers an "ascertainable loss of money or property" by another's deceptive or confusing practices may bring "an action under the Idaho rules of civil procedure to recover actual damages or five hundred dollars, whichever is greater." In such an action, the court "shall award . . . reasonable attorney fees to the plaintiff if he prevails." I.C. § 48-608(3).

In the instant case, the Shurtliffs failed to establish that they had suffered an ascertainable loss of money or property. The trial court denied them actual or statutory damages, relying on *Yellow Pine Water User's Assoc. v. Imel*, 105 Idaho 349, 670 P.2d 54 (1983), in which our Supreme Court held that a finding of an ascertainable loss was a prerequisite for an award of damages. The Court in *Yellow Pine* stated that

> under I.C. §§ 48-603 and 48-608(1), when an individual brings an action under the act, he must suffer "ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act or practice" which is misleading, false or deceptive or otherwise prohibited by the act. Thereafter, a consumer is entitled to a statutory damage award of $500 or his actual damages, whichever is greater. I.C. § 48-608(1).

■ The Court then found that Yellow Pine was not a prevailing party because it had made an excessive demand over the proper amount due and already tendered. We adhere to the rule of *Yellow Pine* which states that an ascertainable loss of money or property must be proved in order for a person to be awarded damages under I.C. § 48-608(1). Moreover, we hold that, in the instant case, the trial court properly denied attorney fees to the Shurtliffs because their failure to prove an ascertainable loss allowed the court to determine that they were not prevailing parties.

By its terms, I.C. § 48-608 incorporates the rules of civil procedure.[2] Thus, the

2. In the 1990 Session Laws the legislature modified I.C. § 48-608(1) in part by deleting the

court was correct in evaluating the Shurtliffs as prevailing or non-prevailing plaintiffs according to the factors presented in Rule 54(d)(1)(B). Considering those factors, it is clear that the Shurtliffs are non-prevailing parties. They proved that Northwest had violated I.C. § 48-608(1), but failed to prove even a fraction of their requested $10,000 in damages. Similarly, Northwest was not a prevailing party even though it successfully defended against the Shurtliffs' claim for damages, because the company was proved to have violated I.C. § 48-608(1). We can infer from the trial court's conclusions that it considered the consumer protection claim to be a "wash." Put differently, the Shurtliffs' victory on one aspect of the claim was canceled out by Northwest's victory on another. Because nobody prevailed on the claim, no costs or fees could be awarded to either party. Thus, we hold that the court did not abuse its discretion when it declared that the Shurtliffs were not entitled to attorney fees under I.C. § 48-608(3).

## II

### The Counterclaim and the Amount Due

Northwest's counterclaim sought payment for the amount due on the contract. It acknowledged that the pool was not built to specification and asserted that the Shurtliffs were entitled to an offset calculated according to the liquidated damage clause in the contract, essentially admitting that it had breached its contract. The counterclaim also alleged that the Shurtliffs had refused to pay the amount due. The counterclaim attached the contract and incorporated its terms by reference.

Finding in favor of Northwest on its counterclaim, the trial court determined that the Shurtliffs had defaulted on the $6,250 unpaid under the contract. The court reduced that figure by $760, the amount the Shurtliffs were awarded on their breach of contract claim, and declared that they owed $5,490 on the contract. The Shurtliffs assert that the court erred in

reference to the rules of civil procedure. No reason is indicated for the change. We conclude that the rules still apply and that the

making this award because the counterclaim was never submitted to or ruled upon by the jury, that it "fell by the wayside," and that the court went beyond its authority by ruling upon it. We affirm the decision of the trial court.

■ I.R.C.P. 49(a) requires that a party demand the submission to the jury of issues of fact which the court omits from the special verdict. If no such demand is made, the parties waive the right to a jury determination of the issues omitted from the special verdict. I.R.C.P. 49(a). As to issues not submitted to the jury by special verdict, a court may make, or will be deemed to have made, findings consistent with the judgment and the special verdict. *Id.* In the instant case, the special verdict sought responses to questions about the Shurtliffs' consumer protection claim and their claim for breach of contract. The counterclaim was not addressed in the verdict. No objection by the Shurtliffs to the form or the content of the special verdict appears on the record. Therefore they waived their right to a jury determination of the issues not addressed therein. I.R.C.P. 49(a); *Milligan v. Continental Life and Accident Co.*, 91 Idaho 191, 418 P.2d 554 (1966).

Further, the record in this case supports the conclusion that the Shurtliffs did not pursue a jury determination of the counterclaim. They essentially admitted that they had not paid the balance owed on the contract when they agreed to jury instruction number nine, which stated that

"The parties admit a contract existed between them. You will accept that fact as proven. The parties agree the pool is not of the size specified in the contract. You will accept that fact as proven. The parties agree that plaintiffs have not paid $6,250, the contract purchase price under an agreement between the parties. You will accept that fact as proven. You will be asked to determine the damage, if any, sustained by the plaintiffs."

modification was not intended to remove from the rules actions pursued under § 48-608(1). *See* I.R.C.P. 1(a).

During deliberations, the jury sent a note to the judge, asking if they should consider the $6,250 not yet paid to Northwest as part of the settlement. After discussing the inquiry with counsel for the parties, the court and counsel agreed on the following answer: "You are not to consider that issue. You are only to consider the damages sustained by the plaintiff ... if any. [The] Court will make the appropriate allocation." The Shurtliffs' waiver of submission of this issue to the jury is further supported by the affidavit of counsel for Northwest, which states that during the jury instruction conference he and counsel for the Shurtliffs agreed that the counterclaim would not be submitted to the jury and that the only damage issue which would be submitted would relate to the consumer protection claim.

█ The court fashioned a remedy consistent with the jury's verdict, as it was empowered to do under I.R.C.P. 49(a). A contract was proved to exist, $6,250 had not been paid and the jury determined that $760 was the amount of the Shurtliffs' damages. The court then reduced the amount due under the contract by $760 and determined the amount the Shurtliffs owed. The court stated in its decision on post-trial motions that simple rules of contract, logic and math allowed it to reach that result. We find that the court had authority under I.R.C.P. 49(a) and that the court did not abuse its discretion therein.

The Shurtliffs argue that although the evidence shows that they had not paid the $6,250 due on the contract, that evidence does not rise to the level of an agreement or stipulation that they had defaulted on the contract or that the money was owing. Also, they contend that jury instruction number nine conveyed no power to the court to resolve the counterclaim issue. The Shurtliffs assert that the instruction was designed only to cause the jury to focus on the questions that had been asked of it, not as a vehicle to transfer power from the jury to the court to decide factual issues. Finally, they suggest that because Northwest prayed for a specific amount in its counterclaim, the court erred in awarding the company any different amount.

Viewing the record in its entirety, we hold that the facts support our conclusion that the Shurtliffs effectively agreed that the jury would not determine the counterclaim issue. Further, we find that it was within the trial court's discretion to fashion an award which it found to be just according to the facts presented.

### III

### Attorney Fees at Trial

The magistrate awarded attorney fees to Northwest based on I.C. §§ 12–120(3), 12–121 and under the terms of the contract. Because we affirm the award of attorney fees based on I.C. § 12–120(3) and the terms of the contract, we decline to address the award of fees under I.C. § 12–121.

In any civil action, a court may award reasonable attorney fees to the prevailing party when those fees are provided for by statute or contract. *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984); I.R.C.P. 54(e)(1). A court is required to award attorney fees to a prevailing party in a civil action to recover on a "contract relating to the purchase or sale of goods, wares, merchandise, or services...." I.C. § 12–120(3). As discussed, the determination of who is a prevailing party is a matter for the discretion of the trial court, which is to apply the factors described in I.R.C.P. 54(d)(1)(B).

There is no dispute that the contract in this action was for the purchase or sale of goods and services. The Shurtliffs themselves alleged in their complaint that they "agreed to purchase goods and services from the defendant." As discussed previously, the court acted within its discretion when it determined that there was no prevailing party on the consumer protection claim and that Northwest prevailed on its counterclaim. However, the Shurtliffs argue that the court erred when it found that Northwest had prevailed on the breach of contract counterclaim in view of the fact that the Shurtliffs had proved that Northwest had breached the contract and were awarded $760 in damages for the company's breach.

■ The award of $760 to the Shurtliffs was the total amount of their recovery in this lawsuit. They originally sought damages of "at least $10,000." The court reduced the amount Northwest originally sought in its counterclaim by $760 and awarded the company $5,490, approximately 90% of what it alleged was owed. Northwest had previously made an Offer of Judgment of $1,000, a sum greater than the Shurtliffs' recovery. All parties admitted that a contract existed. Moreover, Northwest essentially admitted its breach when it stated in its counterclaim that it had not built the pool to the proper size. The only issue remaining was a determination of damages. However, the Shurtliffs made "little if any showing of damages." As the trial court pointed out, they put forth no evidence to show that the swimming pool, as built, resulted in a decrease in value of their property, an impairment of its use, or that the final area of the pool resulted in additional expense. The court stated that the only evidence adduced by the Shurtliffs was that "a dispute erupted" and that the "plaintiffs' showing of damages centered on a discussion of the size of the pool and what they urged should be an adjustment to the total purchase price." The court concluded that "the Shurtliffs' theories for a cause of action were meritorious, but their claims for damages were not well founded and in fact not supported at all in view of the defendant's offers [to settle]." The court found that the jury had returned a verdict that was in substantial accord with the evidence presented concerning the cost of the pool as contracted and its cost as built. In short, the jury award seemed designed to compensate the Shurtliffs for their loss of pool size, but not to award damages beyond that loss.

We conclude from the evidence presented and the trial court's observations, that the court properly recognized that its prevailing-party decision was discretionary and that the court acted within that discretion. After considering the factors presented in I.R.C.P. 54(d)(1)(B), it found Northwest to be the prevailing party on the breach of contract claim and in the lawsuit in general. Therefore, an award of attorney fees to Northwest under I.C. § 12–120(3) was authorized.

■ Further, the trial court properly awarded attorney fees to Northwest under the contract, which provides that "in the event of default by Buyer of any provision of this Contract, Buyer agrees to pay all collection costs, interest from the date of default and reasonable attorney fees." Because the court properly determined that the Shurtliffs had defaulted on the balance due, they were bound by this provision of the contract. Contractual provisions for payment of attorney fees are enforceable in Idaho. *See, e.g., Bank of Idaho v. Colley,* 103 Idaho 320, 647 P.2d 776 (Ct.App. 1982); *Industrial Investment Corp. v. Rocca,* 102 Idaho 920, 643 P.2d 1090 (Ct. App.1982).

## IV

### Apportionment and Amount of Attorney Fees

■ The Shurtliffs contend that the trial court erred when it failed to apportion the award of attorney fees among the parties according to how they prevailed on the claims presented. We affirm ruling of the court.

The trial court may, in its discretion, determine that a party to an action prevailed in part and did not prevail in part, and after making such a finding may apportion costs between the parties in an equitable manner after considering all of the issues and claims involved and the judgment(s) obtained. I.R.C.P. 54(d)(1)(B). We have concluded that the court acted within its discretion when it found that neither party had prevailed on the consumer protection claim and that Northwest had prevailed on the remaining two claims. Therefore, it is logical that the court could, while acting within its discretion, decide that Northwest was the only party to whom it should award fees.

## V

### Attorney Fees and Costs on Appeal

■ The Shurtliffs argue that the district court erred when it awarded attorney

fees and costs to Northwest on appeal. We find no error. An award of attorney fees at trial under I.C. § 12–120(3) supports a similar award on appeal. *Cheney v. Smith,* 108 Idaho 209, 697 P.2d 1223 (Ct. App.1985).

## VI

### Conclusion

The trial court did not err when it held that the Shurtliffs could not receive attorney fees on their consumer protection claim. The court properly weighed the relevant factors and declared that the Shurtliffs were not prevailing parties; thus, the court did not abuse its discretion when it denied the Shurtliffs attorney fees on their claim. The record supports the conclusion that the Shurtliffs left Northwest's counterclaim for the court's determination, and that the court acted within its authority when it found that the Shurtliffs had defaulted on the amount due under the contract. Attorney fees were properly awarded to Northwest under I.C. § 12–120(3) because the contract was for the purchase of goods and services. The award was also proper under the terms of the contract because the Shurtliffs had defaulted on the amount due. The court acted within its discretion when it refused to apportion attorney fees.

The magistrate's judgment and the appellate decision of the district court are affirmed. Costs and attorney fees on appeal are awarded to the respondent, Northwest Pools, Inc., as determined in conformity with I.A.R. 40 and 41. *Cheney v. Smith, supra.*

SILAK, J., concurs.

FULLER, Judge Pro Tem., concurring in part and dissenting in part.

I concur in all parts of the foregoing opinion, except parts IV and V and that part of VI restating the conclusions reached in those parts.

In my view, the magistrate abused his discretion when he failed to apportion the attorney fees, and when the magistrate considered the parties' pretrial negotiations as a factor in awarding attorney fees. The magistrate's award permits Northwest to recover all of its fees for defending both the contract claim and the Consumer Protection Act claim, even though Northwest did not prevail on both. This, in my view, was clearly erroneous. The trial court need not blindly accept Northwest's position that the services could not be apportioned. *See Craft Wall of Idaho, Inc. v. Stonebraker,* 108 Idaho 704, 701 P.2d 324 (Ct.App.1985).

The magistrate stated in his decision on post-trial motions: "Negotiations had occurred before the lawsuit was filed which would have resulted in a significant adjustment to the remaining contract price due." The magistrate also quoted from *Etcheverry Sheep Co. v. J.R. Simplot Co.,* 113 Idaho 15, 740 P.2d 57 (1987), which contains language that a trial court is not precluded from considering pretrial negotiations in determining whether the criteria of I.R.C.P. Rule 54(e)(1) have been established. However, *Etcheverry* is not authority for the trial court to consider matters outside the record or to second-guess settlement negotiations. *See Severson v. Hermann,* 116 Idaho 497, 777 P.2d 269 (1989).

The majority affirms an award of attorney fees based on I.C. § 12–120 and the contract between the parties, but not on the basis of I.C. § 12–121 and Rule 54(e)(1). However, the magistrate determined who was the prevailing party and to whom he would award attorney fees on all three grounds. When the magistrate exercised his discretion to determine these issues, he improperly considered the pretrial negotiations.

In my view, this matter should be affirmed in part, reversed in part, and returned to the magistrate for reconsideration of the attorney fees issue.