817 P.2d 183

**GME, INC., a California corporation, Plaintiff–Appellant–Cross Respondent,**

v.

**Scott K. CARTER, Jr., Defendant–Respondent–Cross Appellant.**

**No. 18513.**

Supreme Court of Idaho,
Boise, January 1991 Term.

Sept. 13, 1991.

Rehearing Denied Sept. 13, 1991.

Frank J. Dykas, Boise, for appellant.

William H. Ball, Nampa, for respondent.

1991 OPINION NO. 89, FILED JULY 3, 1991, IS WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR

BISTLINE, Justice.

A jury determined that the defendant Scott Carter breached the contract for employment he had with the plaintiff, GME, Incorporated. The unamimous jury verdict awarded no damages to GME for this breach, and found no merit in Carter's cross claims. Both parties appealed to this Court. GME appealed from the trial court's order denying GME's motion to alter or amend the judgment, motion for judgment n.o.v., and motion for fees and costs. Carter cross appealed the trial court's partial summary judgment granted in favor of GME on some of Carter's cross claims, and appealed certain evidentiary issues. We affirm the district court.

Our review of a jury's verdict is guided by a simple standard of review. "When there is no substantial evidence to support the verdict, or when the verdict is against the great weight of the evidence, the verdict cannot stand." *Garrett Freightlines v. Bannock Paving Co.*, 112 Idaho 722, 727, 735 P.2d 1033, 1038 (1987). The trial court's decision to deny a request for costs and fees will not be disturbed absent an abuse of discretion. *Gilbert v. City of Caldwell*, 112 Idaho 386, 399, 732 P.2d 355, 368 (Ct.App.1987); *Stueve v. Northern Lights, Inc.*, 118 Idaho 422, 797 P.2d 130 (1990). The court's grant of summary judgment to GME on some of the cross claims made by Carter will be upheld if there was no genuine issue of material fact and judgment as a matter of law was proper. I.R.C.P. 56(a). The court's decision whether to allow or prohibit evidence for consideration at trial will not be disturbed unless the court clearly abused its broad discretion in this matter. *Needs v. Hebener*, 118 Idaho 438, 444, 797 P.2d 146, 152 (Ct.App.1990).

The extensive evidence submitted by the parties during the four day trial will be summarized before we consider the specific allegations of error raised in this appeal and cross appeal. GME is a closely held California corporation that manufactures food processing equipment. Its principal place of business is in Boise, Idaho, and George Mendenhall is the corporation's president, majority stockholder and chief executive officer. Scott Carter is an engineer and the son of an old friend of George Mendenhall.

Carter was asked by Mendenhall to come to work for his company, and Carter accepted Mendenhall's offer. No written contract for employment was executed be-

tween the parties until August 13, 1985, after Scott Carter had worked for GME for some months. Contemporaneous to the execution of the written contract, Mendenhall unconditionally gifted five percent of GME's stock to Carter. A second five percent gift of stock was transferred on August 26, 1986. The written employment contract did not provide for the return of this gift in the event that Carter's employment with GME was terminated, but the contract did provide for a five and one-half year term of employment for Carter as a research and development engineer.

The relationship between Mendenhall and Carter deteriorated. On June 1, 1987, Carter quit his job at GME, before the contract term expired. Mendenhall requested that Carter hand over the gift of stock that was made to Carter before the contract for employment was executed. Carter refused, and this litigation ensued. GME filed a complaint alleging that Carter breached the contract for employment. Carter cross complained and included George and Sandra Mendenhall, George's spouse, in the cross complaint. The cross complaint alleged misrepresentation, breach of contract, breach of fiduciary duty, wrongful termination, interference with contract, and a shareholder's derivative action seeking dissolution of GME and alleging excessive remuneration, breach of fiduciary duty and failing to use due care.

GME's request for summary judgment was granted as to Carter's claims for misrepresentation, breach of fiduciary duty, and the derivative actions for dissolution of GME, breach of fiduciary duty, excessive remuneration, and failure to use due care. Trial on the remaining causes of action was to a jury. The unanimous jury found there was a contract breach by Carter, but awarded GME no damages. The jury found no merit to any of the cross claims made by Carter that survived GME's summary judgment motion.

■ GME moved to alter or amend the judgment, or for judgment n.o.v. The trial court denied this motion, and we do not find error with the trial court's decision.

There is substantial evidence to support the jury verdict in this case. Carter obviously breached the contract for employment by terminating his employment before the contract term expired. However, no damages to GME were caused by this breach. GME profited from the patents it received with Carter's engineering talent and assistance, and a replacement for Carter was hired at a lower salary.

■ The gift of ten percent of the GME stock from Mendenhall to Carter may have been an incentive for Carter to work for GME to the end of the contract term. Moreover, the stock transfer was structured as a gift to Carter probably just to avoid certain tax consequences. However, these facts do not empower this Court or the trial court with the authority to make Carter give the stock back to Mendenhall. This is especially true when we consider that the contract for employment did not mention the gift of stock, and made no provision for the return of this gift in the event that the employment relationship was prematurely terminated. We will not disturb the jury's determination that GME suffered no damages because of Carter's breach of the employment contract.

■ GME asserts that the trial court improperly denied its request for an instruction on rescission. Rescission is an equitable remedy that relieves the parties of their duties and obligations under the contract, and returns the parties to their pre-contract positions. *Blinzler v. Andrews*, 94 Idaho 215, 485 P.2d 957 (1971). In this case, a return to pre-contract positions is impossible. The patents obtained by GME belong to it and GME continues to profit from them; and the time and energy expended by Carter in assisting GME to obtain the patents is not recoverable. Rescission is simply not an available remedy given these facts, as the trial court properly recognized. Similarly, the requests by GME for instructing the jury on substantial performance and failure of consideration, ancillary to GME's request for an instruction on rescission, were also properly denied by the trial court.

■ GME asserts that it was error for the trial court to deny its request for costs and fees. The trial court did not abuse its discretion by denying GME's request. Neither party substantially prevailed, and the employment contract did not provide for the award of fees in the event of a contract dispute. We affirm the trial court's decision not to award costs or fees. *Shurtliff v. Northwest Pools*, 120 Idaho 263, 815 P.2d 461 (Ct.App.1991).

■ Carter's cross appeal questions whether the trial court's grant of partial summary judgment to GME on some of the claims brought by Carter was proper. We begin with Carter's assertion that the jury should have been allowed to consider whether GME misrepresented the terms of employment to Carter. The trial court properly granted summary judgment to GME on Carter's misrepresentation allegation for two reasons. First, all the elements of misrepresentation, as listed in *Faw v. Greenwood*, 101 Idaho 387, 389, 613 P.2d 1338, 1340 (1980), were not shown by Carter. Second, Carter's plan to use his recollection of an oral stock purchase agreement to invalidate the terms of the written employment contract would violate the parol evidence rule. *Valley Bank v. Christensen*, 119 Idaho 496, 808 P.2d 415 (1991).

Carter's breach of fiduciary duty claim did not allege damages, and was therefore properly ended with a grant of summary judgment to GME. Carter's derivative action against GME was also properly disposed of through summary judgment. An Idaho court does not have the statutory authority to involuntarily dissolve a foreign corporation. I.C. §§ 30–1–2(a); 30–1–94; 30–1–106; 30–1–107. Furthermore, there was no cogent reason provided by Carter to call for the dissolution of GME. See *Rowland v. Rowland*, 102 Idaho 534, 541, 633 P.2d 599, 606 (1981).

■ Carter's allegation, as part of the derivative action, that GME's directors breached their fiduciary duty by purchasing some property in Parma, Idaho, fails because Carter was not a shareholder when the property was acquired. Summary judgment on the claim that Sandra and George Mendenhall received excessive remuneration was also proper, because no facts were alleged to support that claim. Sandra was paid $1200 a month for her secretarial and marketing assistance. George was paid a salary comparable to that paid to Carter. A trip to Germany, paid for by GME, was made to attend a trade show. The allegation that GME's directors failed to exercise due care is also of no moment, because no harm was alleged by the directors' alleged failure to exercise due care, and the business judgment rule allows directors of corporations wide latitude in their actions and decisions.

Carter also appealed the trial court's decision to allow into evidence photos of a witness called by Carter. The photos depicted the witness in a compromised position. GME asserted, and the trial court agreed, that the photos provided a plausible reason for the witness to have a bias against GME. The trial court also allowed George Mendenhall's credentials to be provided to the jury, on the ground that his credentials were important for an understanding of his ability and skill in running a company. We are not persuaded that the trial court abused its discretion by allowing this evidence to be presented.

The judgment from the jury verdict is affirmed. No fees or costs on appeal.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ. concur.

BAKES, Chief Justice, concurring specially:

The Court does not address one of the issues raised on appeal. That issue is whether or not the trial court abused its discretion in concluding that neither party was the prevailing party and therefore refusing the award of attorney fees under I.C. § 12–120 to either party. The trial court balanced the result reached on the various claims made by each party and concluded that neither party was the prevailing party as that phrase is defined in I.R.C.P. 54(d)(1)(B). The rule specifically gives the trial court that discretion, and

presumably the entire Court agrees that there was no abuse of discretion since the Court is affirming the trial court's judgment entered on the jury's verdict.