859 P.2d 378

John JACKSON, dba Jackson Oil Whole-
sale, Plaintiff–Counterdefendant–Re-
spondent–Cross Appellant,

v.

John WOOD and Kathy Wood, individu-
ally and doing business as Westgate
Texaco, Defendants–Counterclaimants–
Appellants–Cross Respondents.

No. 19541.

Court of Appeals of Idaho.

Sept. 7, 1993.

Charles D. Coulter, Boise, for appellants.

Eismann Law Offices, Nampa, for re-
spondent. Richard B. Eismann argued.

SWANSTROM, Judge, Pro Tem.

This is an appeal from the district court's
memorandum decision and judgment find-
ing for John Jackson, dba Jackson Oil
Wholesale, on his claim to collect the bal-
ance due on an open account for the sale of
fuel. John and Kathy Wood, whose pre-
sentation of affirmative defenses did not
persuade the district court, likewise did not
prevail on their counterclaims so as to ob-
tain any set-offs to the amount due and
owing to Jackson, except for an award of
$500 damages for an Idaho Consumer Pro-
tection Act (ICPA) violation by Jackson.
The Woods appeal claiming that a number
of the trial court's particularized findings
are erroneous and should be overturned
with the result that Jackson should receive
nothing on his complaint. On cross-appeal,
Jackson argues that the $500 statutory
damage award to the Woods was error

because the court found that the Woods had not proved any ascertainable loss as required by the ICPA. For the reasons stated below, we vacate the $500 damage award made to the Woods, but otherwise affirm the judgment.

In 1982, the Woods leased from Jackson a gasoline service station in Boise known as Westgate Texaco. The written lease agreement provided for a monthly rental payment from the Woods to Jackson. The lease also provided for Jackson to pay the Woods a commission on their sales of gasoline which was owned by Jackson and in the station's tanks. The term of the lease was from October 15, 1982, to October 15, 1983; however, beginning February 1, 1983, the arrangement as to gasoline sales changed. From that point, Jackson sold and delivered gasoline to the Woods who were free to set the retail price and target a certain profit margin, as opposed to earning the commission figures fixed by the lease. No new lease was signed at the expiration of the one-year term, but the Woods continued to operate the station until July, 1986, paying rent on a monthly basis and charging their gasoline on an open account with Jackson. The lease terminated on July 31, 1986, by mutual agreement of the parties.

Jackson filed suit against the Woods to recover the amount allegedly due on the open account for fuel, plus interest from August, 1986. The Woods counterclaimed, alleging anti-competitive conduct under I.C. § 48–101 et seq., unlawful price discrimination under I.C. § 48–201 et seq., unfair and deceptive trade practices in violation of the ICPA, I.C. § 48–601 et seq., as well as other statutory violations by Jackson which the district court held did not afford relief in the form of damages.[1] The Woods asserted that these violations, which were primarily related to the sale of non-Texaco gas as a Texaco product, constituted a breach of the lease agreement between the parties, and that Jackson otherwise had breached what the Woods described as a

franchisor/franchisee relationship, under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq.

After trial, the district judge concluded that the Woods had failed to prove any ascertainable loss arising from Jackson's deceptive trade practices in selling non-Texaco gas to the Woods because they were able to resell the gasoline for a profit. The court found that Jackson's pricing scheme was not discriminatory and that $21,648 remained due and owing to Jackson for fuel delivered to the Woods. The court offset against this amount $500 statutory damages assessed against Jackson for a violation of the ICPA. Finally, the court held that no franchise relationship existed between the parties and pointed out that jurisdiction lies in the federal district court for claims allegedly arising from any franchise relationship. This appeal and cross-appeal followed.

▇▇▇ "Where the trial court's findings of fact are clearly erroneous and against the weight of the evidence, those findings will be set aside on review." *State ex rel. Kidwell v. Master Distributors, Inc.*, 101 Idaho 447, 453, 615 P.2d 116, 122 (1980). The trial court's findings of fact will be liberally construed in favor of the judgment entered, in view of the trier of fact's role of weighing the conflicting evidence and judging the credibility of the witnesses. *See Sun Valley Shamrock Resources, Inc., v. Travelers Leasing Corp.*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). If there is substantial evidence to support the findings and the conclusions follow therefrom, and if correct legal principles have been applied, the appellate court will uphold the decision of the lower court. *Pass v. Kenny*, 118 Idaho 445, 448, 797 P.2d 153, 156 (Ct.App.1990).

The Woods challenge the district court's finding that they suffered no ascertainable loss by Jackson's conduct in selling them non-Texaco gas. Jackson admitted that he had delivered non-Texaco gas in order to maintain a source of supply to the Woods

---

[1]. *See* I.C. § 63–2501 regarding credits for shrinkage allowances and I.C. § 37–2501 et seq. dealing with mislabeling of oils, violators of

which are only subject to criminal prosecution, not civil actions for damages.

when Texaco gasoline was not available. The Woods contend that, by deceiving them as to the product, Jackson denied them any opportunity to either reject the gas or negotiate an adjustment in the price of the gas. They assert, without supporting authority, that Jackson should be stripped of the profit of $9,252.80 which he made on the non-Texaco deliveries. In the alternative, they argue that each non-Texaco delivery entitled them to $500 statutory damages, as opposed to the single $500 awarded by the district court as a set-off against the amount owing to Jackson. If the Woods succeed with this argument, the multiple damage awards would more than off-set the amount claimed due on the Woods' open account for fuel. It is this award that is the subject of Jackson's cross-appeal, wherein Jackson disputes that any award was proper in light of the court's finding of no ascertainable loss.

An individual action may be brought by "any person who purchases and leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by [the ICPA]." I.C. § 48–608. The action may be brought to recover actual damages or five hundred dollars, whichever is the greater. *Id.* The evidence adduced at the trial in this case, however, indicates that from February 1, 1983, when the Woods began purchasing gas from Jackson, they resold the gas at a retail price which they themselves set to earn a desirable margin of profit and to remain competitive. The Woods admit that they never suffered a disruption in the delivery of gasoline, which would have created significant losses, although it is agreed that, unknown to them at the time, Jackson frequently delivered non-Texaco gasoline to the Woods.

■ Where it could be held that Jackson sold non-Texaco gas to the Woods in violation of I.C. §§ 48–603 to –608, recovery therefor must be preceded by a finding of ascertainable loss. *Shurtliff v. Northwest Pools, Inc.,* 120 Idaho 263, 266, 815 P.2d 461, 464 (Ct.App.1991), *citing Yellowpine*

*Water User's Assoc. v. Imel,* 105 Idaho 349, 670 P.2d 54 (1983). Our review of the evidence shows adequate support for the district court's finding that the Woods proved no ascertainable loss. Therefore, neither actual damages nor statutory damages under the ICPA can be awarded. We hold that the statutory award of $500 to the Woods must be vacated.

The district court also found that when the lease was terminated, the agreed balance of the Woods' open account for fuel furnished to the Woods was $21,648. The Woods contend that this finding is clearly erroneous. In seeking to have this finding overturned on appeal, they argue that Jackson's conduct effectively created a scheme of price discrimination for which Jackson should have been held liable for treble damages as provided by I.C. § 48–204.

■ Counsel for Jackson offered into evidence the parties' stipulation that the unpaid fuel account was agreed to be $21,648 subject to the affirmative defenses and counterclaims of the Woods. Jackson then rested his case. For the Woods to claim on appeal that the amount is in error ignores not only the stipulation, but also the district court's conclusion that Jackson had met his burden of rebutting the Woods' prima facie claim of a violation of I.C. § 48–202 dealing with discriminatory pricing. Jackson testified that his price determinations took into account transportation factors, such as whether a customer purchased a full or partial load and the distance of the delivery, and business considerations, such as whether a customer paid in cash or on credit, whether the customer was a good credit risk, and whether he had a proprietary interest in the station receiving the deliveries. The district court accepted these justifications for cost differences that were passed on to the retailers who purchased from Jackson—differences allowed under the statute.

The Woods argue that Jackson's dual role as both owner of the station and supplier is not recognized in the statute as a basis for Jackson to differentiate the price of gas supplied to the various retailers.

However, this consideration does nothing to invalidate the court's conclusion that the pricing was justified or that the amount owing to Jackson was other than as stated in the stipulation. Holding that Jackson was the prevailing party in the Woods' claim of price discrimination, the court denied the Woods any recovery under I.C. § 48–204(a), which could have reduced the sum owing to Jackson on the fuel account.

The court ultimately determined that the Woods had failed to establish the necessary proof to prevail on any of their affirmative defenses and counterclaims. The court made no adjustments or set-offs to the amount of the fuel account—other than the single damage award of $500 under the ICPA which we have discussed. Accordingly, we will not disturb the district court's finding that the figure of $21,648 represented the agreed price of the gas supplied by Jackson to the Woods.

Nor is there any legitimate reason to overturn the district court's findings that the agreement between the parties was month to month after the expiration of the lease on October 15, 1983, that there was no dispute on the billing until the litigation itself occurred, or that the Woods could have bought fuel from other wholesalers, but that they would thereby have lost their lease. Even if these findings were not correct, the Woods' arguments do not persuade us that the "correct" findings would produce a different result.

The Woods also challenge the district court's finding that the arrangement between the parties was not in the nature of a franchise relationship as defined in the Petroleum Marketing Practices Act found at 15 U.S.C. § 2801 et seq. Their argument seeks to convince this Court that the Act was violated by Jackson in failing to certify the octane rating of the gasoline he supplied and in terminating the business relationship with the Woods in order to convert the station to include a convenience store. The Woods' argument, however, does not address the requirement that violations as to octane disclosure must be vindicated in an action brought by the Federal Trade Commission, pursuant to 15 U.S.C. § 57(b), or that an individual action by the franchisee to recover damages for violations of the Act must be filed within one year in the United States District Court, pursuant to 15 U.S.C. § 2805.

The district court's judgment is affirmed, with the exception of the award of $500 statutory damages to the Woods, which is vacated. The judgment as modified is affirmed.

We award costs and attorney fees to respondent under I.A.R. 40 and I.C. § 12–120(3).

WALTERS, C.J., and SILAK, Acting J., concur.